SACCO & FILLAS, LLP
PATRICIA R. LYNCH (PRL-1030)
CLIFFORD TUCKER (CT-0206)
Attorneys for Plaintiffs
31-19 Newtown Ave., 7th Fl.
Astoria, NY 11102
Tel: (718) 746-3440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TERENCE J. POLETTI, LEONARD
COSTA, CHRISTOPHER J. CHAPMAN,
STEVEN NIEVES, JOSEPH DISTASI,
ARTHUR COMBS, and MICHAEL
ASHTON, *on behalf of themselves and all others
similarly situated*,

                            Plaintiffs,

-against-

PEPSI-COLA BOTTLING COMPANY OF
NEW YORK, INC., REGINALD GOINS,
WILLIAM W. WILSON, HAROLD
HONICKMAN, JEFFREY HONICKMAN,
JOSEPH KLINGLER, SCOTT ALLMERS,
and JOSEPH HAYES,

                            Defendants.
---------------------------------------------------------X

**CASE NO.:**   1:21-cv-7603

**AMENDED COMPLAINT**

**FLSA COLLECTIVE AND RULE 23
CLASS ACTION**

**DEMAND FOR JURY TRIAL**

        Plaintiffs, TERENCE J. POLETTI, LEONARD COSTA, CHRISTOPHER J.

CHAPMAN, STEVEN NIEVES, JOSEPH DISTASI, ARTHUR COMBS, and MICHAEL

ASHTON, by and through their attorneys, Sacco & Fillas, LLP, as and for their Amended

Complaint against the Defendants, PEPSI-COLA BOTTLING COMPANY OF NEW YORK,

INC. ("PCBCNY"), REGINALD GOINS, WILLIAM W. WILSON, HAROLD

HONICKMAN, JEFFREY HONICKMAN, JOSEPH KLINGLER, SCOTT ALLMERS, and

JOSEPH HAYES (collectively "Defendants"), specifically allege and state as follows:

## I.   <u>INTRODUCTION</u>

1.      This action is brought by and on behalf of the above-named individual Plaintiffs, all of whom are current or former distributors of Pepsi-Cola non-alcoholic beverage products to various large and small retail and corporate accounts within the five boroughs of the City of New York, as against beverage giant PCBCNY and the above-named owners and members of its upper management team, each jointly and severally, and in their individual capacities (collectively, "Defendants").

2.      PCBCNY supplies and distributes non-alcoholic soft drinks and non-carbonated beverages to the five boroughs of New York City, Westchester County, and Nassau and Suffolk Counties. PCBCNY's products include well-known beverage lines including, but not limited to, Pepsi, Gatorade, Starbucks, Evian, Mountain Dew, Lipton, Aquafina, Pure Leaf Tea, and many others.

3.      PCBCNY's business model and long-term success depend upon the wide distribution and sale of its beverage products and brands to thousands of retail and corporate accounts in and around New York City and the surrounding counties. To that end, PCBCNY dictates and controls virtually every detail and aspect of Plaintiffs' day-to-day services and operations, scrutinizing and overseeing Plaintiffs' work at every level of the distribution process, from training, sales, marketing, pricing, and delivery to the stocking of shelves and product placement at each PCBCNY account.

4.      Plaintiffs' claims and damages in this action principally arise from, and seek redress for, Defendants' intentional and longstanding misclassification of Plaintiffs as "independent contractors," rather than "employees" of PCBCNY.  Plaintiffs also seek relief for Defendants' other unlawful, heavy-handed, and oppressive policies and practices in violation of Plaintiffs' statutory and common law rights – which policies and practices have severely and unconscionably undermined

and obstructed Plaintiffs' ability to earn a fair wage and support their families, despite their generating millions of dollars in profits for PCBCNY and its management team along the way.

5.      Plaintiffs seek, *inter alia,* to be recognized and reclassified as employees of PCBCNY, with all of the attendant rights and privileges of employees under applicable federal and state law, to enjoin Defendants' unlawful practices going forward, and to recover from PCBCNY and the individual Defendants all appropriate compensatory damages, unpaid regular wages, overtime wages, unlawful deductions and charges against earnings, as well as statutory liquidated and multiplied damages, attorney's fees, costs, and interest, for Defendants' past and ongoing unlawful acts and omissions.

6.      In addition, Plaintiffs seek to recover statutory and other damages arising from the unlawful and retaliatory actions undertaken by Defendants, as against certain of the Plaintiffs, in response to and retribution for Plaintiffs' individual and collective efforts to assert their rights and object to Defendants' unlawful employment practices.  Finally, Plaintiffs also seek the costs and expenses of this action, including their attorneys' fees, consistent with their statutory rights under federal and state law.

## II.   <u>JURISDICTION AND VENUE</u>

7.      Plaintiff, and members of the FLSA Collective and Class seek monetary damages and declaratory and injunctive relief pursuant to, *inter alia,* the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); the United States Department of Labor, Wage and Hour Division's Regulations Relation to Labor, Title 29, Subtitle B, Ch. V, *et seq.* ("Federal Wage Regulations"); the New York Labor Law Labor Law ("NYLL"), Article 6 (Payment of Wages), Article 19 (Minimum Wage Act), and the Regulations promulgated thereunder; and the Declaratory Judgment Act (28 U.S.C. § 2201). Plaintiff, and members of the FLSA Collective and Class also seek related relief pursuant to the common law of the State of New York including damages for unjust enrichment.

8.      In the unlikely event that Plaintiffs and members of the FLSA Collective and Class are deemed not to be employees of Defendants, Plaintiffs seek alternative statutory relief pursuant to the New York Franchise Act, New York General Business Law ("NYGBL") Art. 33, and accompanying regulations governing franchises (Title 13 NYCRR Part 200).

9.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (the provisions of the general jurisdictional statute for "civil actions arising under the ... laws ... of the United States") and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has supplemental jurisdiction over the state claims arising pursuant to the statutory and common law of the State of New York, pursuant to 28 U.S.C. § 1367.

10.      Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (d). Defendant PCBCNY maintains its principal place of business within the State of New York, and it conducts substantial business within this judicial district. In addition, a substantial part of the events giving rise to the claims asserted herein occurred within this judicial district.

## III.   **THE PARTIES**

### A.   **Defendant Pepsi-Cola Bottling Company of New York, Inc.**

11.      Defendant PCBCNY is an active domestic corporation, duly incorporated and organized under the laws of the State of Pennsylvania, with a principal place of business within the State of New York, at 650 Brush Avenue, Bronx, NY 10465.

12.      PCBCNY is an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).

13.      PCBCNY and the individual Defendants have improperly misclassified Plaintiffs as "independent contractors," rather than "employees."  As such, Defendants knowingly and intentionally deprived Plaintiffs of all the benefits, privileges, and protections available to other PCBCNY employees.  In so doing, Defendants wrongfully disregarded and carefully avoided

meeting their statutory and common law duties, as "employers," to Plaintiffs, as "employees," including statutory wage and hour provisions, record- keeping requirements, employment taxes, workers compensation insurance, etc.

14.     As a further result of this intentional misclassification, Defendants improperly saddled Plaintiffs with the significant costs and expenses of conducting PCBCNY's business and servicing the PCBCNY accounts in the five boroughs – including but not limited to the expense of purchasing, repairing, and maintaining trucks, paying for tolls; purchasing  uniforms; bearing the expenses of spoilage, broken, defective and/or expired product; paying refrigeration fees and attending and not being paid for company-mandated training sessions; absorbing the cost of marketing efforts; using  and or leasing sophisticated handheld devices, tablets, data plans, and software mandated by the company and many other expenses that have been improperly charged to Plaintiffs by PCBCNY – notwithstanding that these expenses are incurred solely for PCBCNY's benefit, in the furtherance of its business model and its multi-million dollar commercial enterprise.

15.     All the while, PCBCNY and the individually named Defendants exercise a high degree of control and oversight of Plaintiffs' activities, such that the use of the term "independent contractors" in the Distributor Agreements is meaningless and absurd.  In fact, the reality is just the opposite. Defendants oversee and dictate virtually every aspect of the Plaintiffs' working lives. Simply put, Defendants are Plaintiffs' employers.

**B. <u>Individual Defendants</u>**

16.     Each and every one of the individual Defendants possessed and/or possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to some or all of the Plaintiffs' employment – including but not limited to Plaintiffs' workplace terms, conditions and operations, personnel decisions, supervision, customer, route, and account oversight, discipline, scheduling, and the rate and method of calculating their compensation,

method of loading product on the trucks, timing at which to load products to the trucks, as well as deductions and set-offs against such compensation.

17.     Each of the individual Defendants plays a direct and material role in the centralized management of the company, and the direct supervision and control of Plaintiffs.

18.     Accordingly, each of the individual Defendants is an "employer" within the meaning of federal and state law, and each should therefore be held jointly and severally liable, along with PCBCNY, for the wrongs and substantial damages alleged herein.

19.     Defendants are jointly and severally liable for all damages arising from Defendants' violations of FSLA, including their failure to pay overtime wages.

   i.   *Harold Honickman*

20.     Defendant Harold Honickman is a natural person and the Chairman of Pepsi Cola & National Brand Beverages, LTD an office and principal place of business in Bronx County, New York.

21.     Upon information and belief, Defendant Harold Honickman is an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).

22.     Upon information and belief, Mr. Honickman possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment

23.     Upon information and belief, Defendant Harold Honickman has the power to delegate significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

24.     Upon information and belief, Defendant Harold Honickman has the power to move to demand service of a notice to terminate Plaintiffs' and the FLSA Collective and Class members' contracts.

25.     Upon information and belief, Defendant Harold Honickman has the power to approve and disapprove the purchase and sale of distributorships.

26.     Upon information and belief, Defendant Harold Honickman delegates the power to approve and disapprove the purchase and sale of distributorships.

27.     Upon information and belief, Defendant Harold Honickman has power to delegate the authority to exercise control and supervision over Plaintiffs and members of the FLSA Collective and Class by dispatching inspectors to customers which receive Plaintiffs' deliveries.

ii.     *Jeffrey Honickman*

28.     Defendant Jeffrey Honickman is a natural person and the Chief Executive Officer ("CEO") of PCBCNY, with an office and principal place of business in Bronx County, New York.

29.     Upon information and belief, Defendant Jeffrey Honickman is an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).

30.      Upon information and belief, Defendant Jeffrey Honickman possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

31.     Upon information and belief, Defendant Jeffrey Honickman has the power to delegate significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

32.     Upon information and belief, Defendant Jeffrey Honickman has the power to move to demand service of a notice to terminate Plaintiffs' and the FLSA Collective and Class members' contracts.

33.     Upon information and belief, Defendant Jeffrey Honickman has the power to approve and disapprove the purchase and sale of distributorships.

34.     Upon information and belief, Defendant Jeffrey Honickman delegates the power to

approve and disapprove the purchase and sale of distributorships.

35.    Upon information and belief, Defendant Jeffrey Honickman has power to delegate the authority to exercise control and supervision over Plaintiffs and members of the FLSA Collective and Class by dispatching inspectors to customers which receive Plaintiffs' deliveries.

       *iii.*   *Reginald Goins*

36.    Defendant Reginald Goins is a natural person, the President and Chief Operating Officer ("COO") of Pepsi-cola & National Brand Beverage Ltd. with an office and principal place of business in Bronx County, New York.

37.    Defendant Reginald Goins is also an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3). Upon information and belief, Defendant Reginald Goins possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

38.    Defendant Reginald Goins exercises authority to "hire" distributors.  Defendant Reginald Goins interviews prospective distributors who wish to "purchase" a distributorship. Defendant Reginald Goins has the authority to reject an applicant for "hire" via their purchase or sale of a distributorship.

39.    Defendant Reginald Goins has power to exercise control and supervision over Plaintiffs and members of the FLSA Collective and Class by dispatching inspectors to customers who receive Plaintiffs' deliveries.

40.    Upon information and belief, as President and COO, Defendant Reginald Goins exercises significant operational control over PCBCNY.

       *iv.*   *William Wilson*

41.    Defendant William W. Wilson is a natural person and the former President and Chief Executive Officer ("CEO") of PCBCNY, with an office and principal place of business in Bronx

County, New York.

42.     Defendant William W. Wilson is also an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).

43.     Upon information and belief, Defendant William W. Wilson possesses and regularly exercised significant control over PCBCNY's actual operations and affairs, in a manner that related directly to Plaintiffs' employment.

44.     As COO, Defendant Defendant William W. Wilson exercised authority to "hire" distributors.  Defendant William W. Wilson interviewed prospective distributors who wished to "purchase" distributorships.

45.     As COO, Defendant William W. Wilson had power to exercise control and supervision over Plaintiffs and members of the FLSA Collective and Class by dispatching inspectors to customers which receive Plaintiffs' deliveries.

46.     As COO, Defendant William W. Wilson exercised operational control over PCBCNY's business.

     *v.*   *Joseph Klingler*

47.     Defendant Joseph Klingler is a natural person and a Senior Vice President of PCBCNY, with an office and principal place of business in Bronx County, New York.

48.     Defendant Joseph Klingler is also an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).  Upon information and belief, he possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

49.     Defendant Joseph Klingler exercises authority to "hire" distributors.  Defendant Defendant Joseph Klingler interviewed prospective distributors who wished to "purchase" distributorships.

50.     Defendant Joseph Klingler had power to exercise control and supervision over Plaintiffs and members of the FLSA Collective and Class overseeing supervision of Defendant PCBCNY's warehousing and production operations.

*vi.*     *Scott Allmers*

51.     Defendant Scott Allmers is a natural person and a  Vice President of PCBCNY, with an office and principal place of business in Bronx County, New York.

52.     Defendant Scott  Allmers is also an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).

53.     Upon information and belief, Defendant Scott Allmers possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

54.     Defendant Scott Allmers exercises authority to "hire" distributors.  Defendant Scott Allmers interviewed prospective distributors who wished to "purchase" distributorships.

*vii.*     *Joseph Hayes*

55.     Defendant Joseph Hayes is a natural person and a Vice President of Sales for PCBCNY, with an office and principal place of business in Bronx County, New York.

56.     Defendant Joseph Hayes is also an "employer" within the meaning of the Fair Labor Standards Act (29 U.S.C. § 203), and NYLL § 190(3).

57.     Upon information and belief, Defendant Joseph Hayes possesses and regularly exercises significant control over PCBCNY's actual operations and affairs, in a manner that relates directly to Plaintiffs' employment.

58.     Defendant Mr. Hayes exercises authority to "hire" distributors.  DefendantJoseph Hayes interviewed prospective distributors who wish to "purchase" distributorships.

C. **Plaintiffs**

i. *Terence Poletti*

59.     Plaintiff Terence J. Poletti is an individual over the age of 18 years old and a resident of New York.

60.     Mr. Poletti has worked full-time as a distributor for Defendants from 1987 until present.

61.     Over the course of his employment with Defendants, Mr. Poletti regularly worked full-time for PCBCNY and the individually named Defendants in excess of forty (40) hours per week.

62.     Mr. Poletti worked for Defendants from before August 30, 2015, to the present.

63.     From approximately August 15, 2015, to the present, Mr. Poletti regularly worked Monday through Friday starting at approximately 5:00 AM.  On Mondays, Mr. Poletti finished work at approximately 6:30 PM; on Tuesdays, Mr. Poletti finished work at approximately 5:30 PM; on Wednesdays, Mr. Poletti finished work at approximately 6:00 PM; on Thursdays, Mr. Poletti finished work at approximately 6:00 PM; and on Fridays, Mr. Poletti finished work at approximately 3:00 PM, which totals approximately sixty-two (60) hours per week.

ii. *Leonard Costa*

64.     Plaintiff Leonard Costa is an individual over the age of 18 years old and a resident of New York.

65.     Mr. Costa has worked full-time as a distributor for Defendants from 1977 until present.

66.     Mr. Costa personally serviced/s Defendants' accounts.

67.     Over the course of his employment with Defendants, Mr. Costa regularly worked full-time for PCBCNY and the individually named Defendants for over forty (40) hours per week.

68.     Mr. Costa worked for Defendants from before August 30, 2015, to the present.

69.     From August 30, 2015, to the present, Mr. Costa regularly worked Monday through Friday starting at approximately 4:30 AM.  On Mondays, Mr. Costa finished work at approximately 8:30 PM; on Tuesdays and Wednesdays, Mr. Costa finished work at approximately 9:00 PM; on Thursdays, Mr. Costa finished work at approximately 9:30 PM; and on Fridays, Mr. Costa finished work at approximately 8:30 PM, which totals approximately eighty-two (82) hours per week.

       *iii.*     *Christopher Chapman*

70.     Plaintiff Christopher J. Chapman is an individual over the age of 18 years old and a resident of New York.

71.     Mr. Chapman has worked full-time as a PCBCNY distributor for more than six years until approximately on or about June or July 21, 2021.

72.     Before approximately June or July 21, 2021, Mr. Chapman personally serviced Defendants' accounts.

73.     Over the course of his employment with Defendants, Mr. Chapman regularly worked full-time for PCBCNY and the individually named Defendants for over forty (40) hours per week.

74.     From approximately August 2015 to June or July 21, 2021, Mr. Chapman worked Monday through Friday from approximately 4:00 AM until approximately 10:00 pm to 11:00 PM, which totals approximately ninety (90) to ninety-five (95) hours per week.

       *iv.*     *Steven Nieves*

75.     Plaintiff Steven Nieves is an individual over the age of 18 years old and a resident of New York.

76.     Mr. Nieves has worked for Defendants since before August 30, 2015, to the present.

77.     Over the course of his employment with Defendants, Mr. Nieves regularly worked

full-time for Defendants over forty (40) hours per week.

78.     From August 30, 2015, to May 28, 2021, Mr. Nieves worked Monday through Friday starting at approximately 6:00 AM and finishing work at approximately 10:00 PM, which totals approximately eighty (80) hours per week.

79.     From June 1, 2021, to the present, Mr. Nieves worked approximately twenty (20) hours per week.

     *v.*     *Joseph Distasi*

80.     Plaintiff Joseph Distasi is an individual over the age of 18 years old and a resident of New York.

81.     Mr. Distasi has worked for Defendants from approximately August 1, 1977, to the present.

82.     From approximately August 30, 2015, to the present, Mr. Distasi worked Monday through Saturday starting at approximately 5:00 AM.  On Mondays and Tuesdays, Mr. Distasi finished work at approximately 6:00 PM; on Wednesdays, Mr. Distasi finished work at approximately 8:00 PM; on Thursdays, Mr. Distasi finished work at approximately 8:00 PM, on Fridays, Mr. Distasi finished work at approximately 5:00 PM, and on Saturdays, Mr. Distasi finished work at approximately 1:00 PM, which totals approximately seventy-six (76) hours per week.

     *vi.*     *Arthur Combs*

83.     Plaintiff Arthur Combs is an individual over the age of 18 years old and a resident of New York.

84.     Mr. Combs has worked full-time as a PCBCNY distributor from approximately 1987 until present.

85.     Mr. Combs personally services PCBCNY accounts.

86.     Over the course of his employment with Defendants, Mr. Combs regularly worked

full-time for Defendants for over forty (40) hours per week.

87.     From August 15, 2015, to the present, Mr. Combs regularly worked Monday through Friday starting at approximately 5:00 AM.  On Mondays, Mr. Combs finished work at approximately 6:30 PM; on Tuesdays, Mr. Combs finished work at approximately 5:30 PM; on Wednesdays, Mr. Combs finished work at approximately 6:00 PM; on Thursdays, Mr. Combs finished work at approximately 6:00 PM; and on Fridays, Mr. Combs finished work at approximately 3:00 PM, which totals approximately sixty-two (60) hours per week.

  *vii.* *Michael Ashton*

88.     Plaintiff Michael Ashton is an individual over the age of 18 years old and a resident of New York.

89.     Mr. Ashton has worked full-time as a distributor for Defendants from approximately 1987 until present.

90.     Mr. Ashton personally services Defendants' accounts.

91.     Over the course of his employment with Defendants, Mr. Ashton regularly worked full-time for Defendants for over forty (40) hours per week

92.     From approximately August 2015 to approximately March 2021, Mr. Ashton worked Tuesday through Saturday.  On Tuesdays and Wednesdays, Mr. Ashton started work at approximately 5:00 to 6:00 AM and finished work at approximately 7:30 to 8:00 PM; on Thursdays, Mr. Ashton worked from approximately 5:00 AM to 6:00 AM to approximately 4:30 PM to 5:30 PM; on Fridays, Mr. Ashton worked from approximately 5:00 AM to approximately 5:00 PM; and on Saturdays, Mr. Ashton worked from approximately 5:30 AM to 6:00 AM to approximately 1:30 PM to 2:00 PM, which totals approximately to 55.5 to 60.5 hours per week.

93.     From Approximately March 2021 to the present, Mr. Ashton worked Mondays through Fridays.  On Mondays, Mr. Ashton worked from approximately 5:00 AM to approximately

6:00 PM; on Tuesdays and Wednesdays, Mr. Ashton started work at approximately 5:00 to 6:00 AM and finished work at approximately 7:30 to 8:00 PM; on Thursdays, Mr. Ashton worked from approximately 5:00 AM to 6:00 AM to approximately 4:30 PM to 5:30 PM; on Fridays, Mr. Ashton worked from approximately 5:00 AM to approximately 5:00 PM, which totals approximately to 62.5 to 67.5 hours per week.

## IV.   FACTS SUPPORTING RELIEF

### A.   The "Distributor Agreements"

94.    As a condition of obtaining employment, Defendants required Plaintiffs to form and/or use an existing single purpose legal entity and to enter a lengthy form contract entitled a "Distributor Agreement."

95.    To procure and obtain employment with PCBCNY, Defendants demanded that Plaintiffs "purchase" a PCBCNY route by, among other things, executing Distributor Agreements, providing cash or other consideration in the form of promissory notes, transfer fees, and personal guarantees – all purportedly in exchange for the "exclusive" right and privilege of working for Defendants, by servicing certain PCBCNY accounts, for the ultimate benefit of Defendants.

96.    Although each Distributor Agreement contains various statements and language purporting to classify Plaintiffs as "independent agents," this classification fails to account for the economic realities of the relationship.

### B.   Defendants' Employment Policies and Practices

97.    Defendants improperly misclassified Plaintiffs as "independent contractors" and, as such, Defendants systematically denied the minimum rights, benefits, and privileges afforded to employees of Defendants, pursuant to federal and state law, including but not limited to payment of a minimum or regular wage and overtime wages.

98.    Each of the Plaintiffs has also been subjected to improper and illegal deductions

from wages and/or illegal deductions by separate transactions, and otherwise has been improperly forced by Defendants to bear the costs and expenses of performing their duties as employees of PCBCNY and the individually named Defendants, in violation of applicable wage and hour, overtime, and anti-kickback provisions under the Fair Labor Standards Act and New York Labor Law.

99.     Plaintiffs and members of the FLSA Collective and Class are economically dependent on Defendants.

100.     Plaintiffs', and the FLSA Collective and Class members' trucks must be, and are, painted with logos of Pepsi-Cola or Pepsi-Cola brands.

101.     Plaintiffs and members of the FLSA Collective and Class must wear uniforms that bear the Pepsi-Cola logo or a logo of a Pepsi-Cola product.

102.     Defendants do not permit Plaintiffs or members of the FLSA Collective and Class to perform delivery work without wearing uniforms that meet Defendants' specifications and bear a Pepsi-Cola logo.

103.     Plaintiffs and members of the FLSA Collective and Class are restricted from delivering Defendants' products without wearing a uniform bearing a Pepsi-Cola or Pepsi-Cola brand logo.

104.     Plaintiffs and members of the FLSA Collective and Class must exclusively deliver Pepsi-Cola products.

105.     Plaintiffs and members of the FLSA Collective and Class are not free to deliver competing brands of beverages such as Coca-Cola.

106.     Plaintiffs and members of the FLSA Collective and Class must work exclusively for Defendants.

107.     Plaintiffs and members of the FLSA Collective and Class are not permitted to work

for Defendants' competitors.

108.    Plaintiffs are barred from bottling, selling, or distributing, directly or indirectly, any "competitor" products.

109.    Plaintiffs and members of the FLSA Collective and Class are restricted from engaging in other employment while working a distributorship for Defendants.

110.    Plaintiffs and members of the FLSA Collective and Class are restricted from working jobs that bear no relationship to soft drink sales and delivery, such as (for example) maintenance work or carpentry, while also working for Defendants.

111.    Plaintiffs and members of the FLSA Collective and Class are restricted from forming or owning any other businesses while working for Defendants.

112.    Plaintiffs and members of the FLSA Collective and Class must sell the Defendants' products to retailers, such as (for instance) pizzerias and delis.

113.    Plaintiffs and members of the FLSA Collective and Class must promote Defendants' products.

114.    In many respects, Defendants control the process by which Plaintiffs' trucks are loaded with Defendants' products.

115.    First, Defendants provide their products to Plaintiffs and members of the FLSA Collective and Class; second, Plaintiffs and members of the FLSA Collective and Class sell the beverages to the customer (e.g., a retailer); and third, Plaintiffs and members of the FLSA Collective and Class pay Defendants for the products which were provided.

116.    Defendants exercise complete control over the prices that retailers pay for Defendants' products.

117.    Defendants exercise complete control over the prices that Plaintiffs must pay Defendants for the Defendants' products.

118.    Defendants restrict Plaintiffs and members of the FLSA Collective and Class from selling Defendants' products for any price other than what Defendants designate.

119.    Plaintiffs and members of the FLSA Collective and Class cannot change the price of any of Defendants' product which Plaintiffs sell to retailers.

120.    Plaintiffs have no authority to sell Defendants' product at a different price than that which is set by Defendants.

121.    Defendants exercise total control over the cost that Plaintiffs and members of the FLSA Collective and Class must pay for the products they obtained from Defendants.

122.    Plaintiffs, and the FLSA Collective and Class must use Defendants' handheld devices to track and monitor the sales of Defendants' products.

123.    Plaintiffs and members of the FLSA Collective and Class must use Defendants' handheld devices to sell Defendants' products.

124.    Plaintiffs and members of the FLSA Collective and Class use Defendants' handheld devices to bill customers for Defendants' products.

125.    Defendants' handheld devices permit tracking to locate and track Plaintiffs and members of the FLSA Collective and Class in the field.

126.    Plaintiffs and members of the FLSA Collective and Class cannot sell his/her distributorship without Defendants' approval of the purchaser.

127.    Plaintiffs and prospective purchasers of a distributorship must undergo a background check before purchasing a distributorship from Defendants.

128.    Plaintiffs and members of the FLSA Collective and Class must undergo a general background check before purchasing a distributorship from Defendants.

129.    Defendants must interview any person who wishes to purchase a distributorship from a Plaintiff or member of the FLSA Collective and Class.

130.    Defendants have complete authority to reject a Plaintiffs', and the FLSA Collective and Class member's proposed sale of his/her distributorship.

131.    Defendants can reject the sale of a distributorship to pressure that Plaintiff or that member of the FLSA Collective and Class to enter into a revised distribution agreement.

132.    Defendants train Plaintiffs and members of the FLSA Collective and Class how to promote Defendants' products.

133.    If a business with a "national account" such as Walgreens, places an order for Defendants' products; then Defendants unilaterally change the Plaintiffs' schedule to make deliveries.

134.    Plaintiffs, and the FLSA Collective and Class are restricted from rejecting customers whose deliveries are excessively time consuming or costly.

135.    Defendants can impose penalties for a Plaintiffs and members of the FLSA Collective and Class failure to comply with Defendants' policies.

136.    None of the above-named Plaintiffs could properly be described as exempt.

137.    Plaintiffs do not act upon or otherwise exercise independent judgment in the performance of their duties for Defendants.

138.    In many instances, Defendants explicitly prohibit Plaintiffs from exercising independent judgment in the performance of their duties for Defendants.

139.    Defendants had, and have, right to inspect and take inventory of the products in the Plaintiffs' possession.

140.    Defendants have the authority to contact customers to evaluate satisfaction with distribution services.

141.    Defendants dispatch inspectors to inspect customers' premises to evaluate the Plaintiffs and FLSA Collective and Class members' deliveries.

142. Plaintiffs perform functions that are an essential and significant part of Defendants' normal business operations, and they do so under the direct supervision and control of the Defendants.

143. Defendants are responsible for loading Plaintiffs', and the FLSA Collective's and Class members' trucks which dictates the way Plaintiffs and members of the FLSA Collective and Class perform their work.

144. Plaintiffs and members of the FLSA Collective and Class regularly park their trucks on Defendants' property.

145. Plaintiffs and members of the FLSA Collective and Class have offices on Defendants' premises.

146. Plaintiffs and members of the FLSA Collective and Class were, and are, required to pay to launder the prescribed uniforms.

147. Defendants failed to pay Plaintiffs, and the FLSA Collective and Class members for all time worked, including training time, and they wrongfully withheld other wages, overtime, benefits, and wage supplements due and owing, such as final paychecks and vacation pay.

**C. Defendants' Benefits Policies**

148. Upon information and belief, here, Defendant PCBCNY and the individually named Defendants provide wages and benefits, including retirement, health, and expense reimbursement benefits, to certain of its employees, including but not limited to those employees who market, service, and distribute products to Defendants' so-called "territories" outside of the five boroughs of New York City. Defendants do not provide such benefits to the Plaintiffs and members of the FLSA Collective and Class since they have been misclassified as "independent agents."

149. Defendants failed and refused to contribute to workers' compensation insurance programs

150.    Defendants do not allow Plaintiffs and members of the FLSA Collective and Class to apply or qualify for workers' compensation benefits, although they are legally entitled to such benefits, as employees.

151.    Defendants failed and refused to contribute to unemployment insurance programs for Plaintiffs.

152.    Defendants refuse to allow Plaintiffs and members of the FLSA Collective and Class to apply or qualify for unemployment benefits, although they are legally entitled to such benefits, as employees.

153.    Defendants have intentionally misclassified the Plaintiffs and members of the FLSA Collective and Class as "independent agents" to avoid providing the same wages and benefits that they provide to their other employees.

## D. Tools of the Trade and Improper Deductions and Expenses

154.    While acting pursuant to the directions and under the direct supervision and control of Defendants and discharging their duties for and on behalf of the Defendants, Plaintiffs incurred work-related expenses, including but not limited to the purchase or lease, maintenance, operating costs and adornment of vehicles; insurance; communications equipment; handheld devices and software; training sessions mandated by Defendants; route "purchase" expenses; merchandising and marketing support costs; and, uniforms.

155.    Plaintiffs necessarily incurred these substantial expenses at the direction of Defendants, as a direct result of performing their job duties for Defendants, and in furtherance of Defendants' business operations.

156.    Defendants failed and refused to reimburse Plaintiffs or otherwise indemnify Plaintiffs as against these expenditures.

157.    Moreover, inasmuch as Defendants acted willfully in failing and refusing to meet its

obligations to pay wages to Plaintiffs, without making improper deductions, Plaintiffs are also

entitled to recover an additional amount of liquidated damages equal to one hundred percent (100%)

of the total amount of the wages found to be due, as a result of these improper charges and

expenses, plus pre-judgment interest, costs and attorneys' fees, pursuant to NYLL § 198(1-a) and the

FLSA, 29 U.S.C. 216, in an amount to be determined at trial.

      **E.**  **Wage Notices and Statements**

      158.    Defendants failed or refused to provide Plaintiffs with wage notices as prescribed in

NYLL § 195(1).

      159.    Defendants failed or refused to provide Plaintiffs with wage statements as prescribed

in NYLL § 195(3).

      **V.**    **CLASS ALLEGATIONS**

      160.    Plaintiffs bring the state law causes of action under Rule 23 of the Federal Rules of

Civil Procedure on behalf of themselves and all persons who work or have worked for Defendants

as Drivers in New York between the date that is six years before the date this Complaint is filed and

the date of final judgment in this matter (the "Class").

      161.    During Plaintiffs' employment with Defendants, the Plaintiffs consistently worked

over 40 hours per week.

      162.    Defendants never paid overtime compensation to Plaintiffs.

      163.    Likewise, other FLSA Collective and Rule 23 Class members consistently worked

over 40 hours per week and were not paid overtime compensation.

      164.    The persons in the Class identified above are so numerous that joinder of all

members is impracticable.

      165.    Although the precise number of such persons is not known to the Plaintiffs, the

facts on which the calculation of that number can be based are presently within the sole control of

Defendants.

166.    Upon information and belief, the size of the prospective Class exceeds 40 persons.

167.    Upon information and belief, the size of the prospective Class exceeds 30 persons.

168.    Upon information and belief, the size of the prospective Class exceeds 20 persons.

169.    Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

170.    The state law causes of action are properly maintainable as a class action under Federal Rule of Civil Procedure 23. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

A.      whether Defendants violated New York Labor Law ("NYLL"), Articles 6 and 19, and the supporting New York State Department of Labor regulations;

B.      whether Defendants refused to pay Plaintiffs and the Class members overtime pay for hours worked in excess of 40 hours per workweek;

C.      whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members, and other records required by the NYLL;

D.      whether it was Defendants' policy or practice to make unlawful deductions from the wages of Plaintiffs and the Class;

E.      whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with accurate wage notices listing, inter alias, rates paid, as required by the NYLL;

F.      whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with accurate statements of wages, hours worked, rates paid, and gross and net

wages as required by the NYLL;

       G.     whether Defendants' policy of failing to pay workers in accordance with New York law was instituted willfully or with reckless disregard of the law; and

       H.     the nature and extent of class-wide injury and the measure of damages for those injuries.

171.    Plaintiffs' claims are typical of the claims of the Class.

172.    Plaintiffs and the members of the Class work or have worked for Defendants and were subjected to their policy and pattern or practice of misclassifying them as independent agents/contractors and failing to pay overtime wages for hours worked more than 40 hours per week.

173.    Plaintiffs and the members of the Class have been subject to Defendants' policy and pattern or practice of failing to pay them overtime and making unlawful deductions to their pay.

174.    Plaintiffs and the Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, and to be paid overtime and "spread of hours" wages.

175.    Plaintiffs and the members of the Class all sustained similar types of damages because of Defendants' failure to comply with the NYLL.

176.    Plaintiffs and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

177.    Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

178.    Plaintiffs will fairly and adequately represent and protect the interests of the Class.

179.    Plaintiffs understand that, as the class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.

180.     Plaintiffs recognize that as the class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.

181.     Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor they own interests over those of the Class.

182.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.

183.     Plaintiffs understand that to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

184.     Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

185.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant like PCBCNY.

186.     The members of the Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices, and procedures.

187.     Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.

188.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## VI.    COLLECTIVE ACTION ALLEGATIONS

189.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Collective members" or "members of the FLSA Collective"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

190.     At all relevant times, Plaintiffs and other members of the FLSA Collective have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

191.     Plaintiffs and the other distributors are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as independent agents/contractors (when in fact their work and the extent of control Defendants exerted over them rendered them employees), failing to pay them overtime compensation, requiring them to provide and maintain their own vehicles and fuel, and making unlawful deductions from their paychecks.

192.     This is an appropriate collective or representative action under 29 U.S.C. § 216(b).

## VII.   CAUSES OF ACTION

### A.   AS AND FOR A FIRST CAUSE OF ACTION - Fair Labor Standards Act - Unpaid Minimum Wage (Brought on behalf of Plaintiffs and the FLSA Collective)

193.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

194.     At all relevant times, upon information and belief, Defendants were and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(d), 206(a) and 207(a).

195.     Plaintiffs and members of the FLSA Collective and Class are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 203(e), 203(g), 206(a) and 207(a).

196.     Within each of the three (3) most recent years relevant to the allegations herein, PCBCNY had gross revenues of more than $500,000.

197.     Plaintiffs and members of the FLSA Collective and Class were an enterprise engaged in commerce within the meaning of the FLSA for all relevant periods herein and the Plaintiffs were employed by the Defendants.

198.     Defendants PCBCNY, HAROLD HONICKMAN, REGINALD GOINS, WILLIAM W. WILSON, JEFFREY HONICKMAN, JOSEPH KLINGLER, SCOTT ALLMERS, and JOSEPH HAYES are "employers" within the meaning of U.S.C. §§ 203(d) and 206(a).

199.     Defendants were required to pay directly to plaintiffs and the FLSA Collective the applicable federal minimum wage rate for all hours worked.

200.     Plaintiffs and members of the FLSA Collective and Class are entitled to be paid at the rate of time and one-half of the "regular" rate for all hours worked more than forty (40) per week, as provided for in the FLSA, *see e.g.,* 29 U.S.C. § 207.  Such calculation can and should be made for Plaintiffs by reference to the hourly wages paid to PCBCNY's other similarly situated employees and/or by reference to the regular rate of wages prevailing in the industry for similarly situated employees performing such services.

201.     Defendants failed to pay Plaintiffs and members of the FLSA Collective and Class and the FLSA Collective the minimum wages to which they are entitled under the FLSA, 29 U.S.C. § 206.

202.     Defendants failed to pay Plaintiffs and members of the FLSA Collective and Class hourly wages paid to PCBCNY's other similarly situated employees or the regular rate of wages prevailing in the industry for similarly situated employees performing such services.

203.     Defendants knowingly, willfully, and intentionally failed to compensate Plaintiffs and members of the FLSA Collective and Class at the applicable minimum hourly wage or indeed any wage, in violation of the FLSA, see e.g., 29 U.S.C. §206(a).

204.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and members of the FLSA Collective and Class.

205.     Defendants failed to properly disclose or apprise Plaintiffs and members of the FLSA Collective and Class of their rights under the FLSA.

206.     Defendants are each jointly and severally liable for all damages arising from Defendants' violations of FSLA, including their failure to pay wages.

207.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and members of the FLSA Collective and Class are entitled to payment of wages for all hours worked, plus liquidated damages pursuant to the FLSA.

208.     Due to the reckless, willful, and unlawful acts of the Defendants, Plaintiffs, and members of the FLSA Collective and Class suffered damages in an amount not presently ascertainable in the form of unpaid wages, and are entitled to recover from Defendants such wages, plus an equal amount as liquidated damages, pursuant to 29 U.S.C. §§ 206, 207, and 216(b).

209.     Plaintiffs and members of the FLSA Collective and Class are also entitled to an award of their reasonable attorneys' fees, costs, and expenses, including pre-judgment interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

**B.  AS AND FOR A SECOND CAUSE OF ACTION - Fair Labor Standards Act - Unpaid Overtime (Brought on behalf of Plaintiffs and the FLSA Collective)**

210.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

211.     Defendants are required to pay Plaintiffs and the FLSA Collective one and one-half

(1½) times the regular rate of pay for all hours they worked more than forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

212.     Defendants did not pay Plaintiffs and members of the FLSA Collective and Class and the FLSA Collective the overtime wages.

213.     Defendants had and continue to have a policy and practice of failing and refusing to pay any overtime compensation (whether at the "regular" rate of time and one half or otherwise) to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206(a), 207(a)(1) and 215(a).

214.     In violation of the FLSA, Defendants willfully, knowingly, and intentionally refused to pay Plaintiffs and members of the FLSA Collective and Class overtime wages.

215.     Defendants knowingly, willfully, and intentionally failed to compensate Plaintiffs and members of the FLSA Collective and Class for overtime wages, in violation of the FLSA.

216.     Due to defendants' violations of the FLSA, Plaintiffs and members of the FLSA Collective and Class are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**C.   AS AND FOR A THIRD CAUSE OF ACTION - New York Labor Law - Unpaid Minimum Wage (Brought on behalf of Plaintiffs and the Rule 23 Class)**

217.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

218.     Defendants PCBCNY, HAROLD HONICKMAN, REGINALD GOINS, WILLIAM W. WILSON, JEFFREY HONICKMAN, JOSEPH KLINGLER, SCOTT ALLMERS, and JOSEPH HAYES are each "employers" and "agents" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

219.     Plaintiffs and members of the FLSA Collective and Class are each "employees"

within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

220.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to defendants and protect the Plaintiffs and members of the FLSA Collective and Class.

221.     Plaintiffs and members of the FLSA Collective and Class are each entitled to compensation and benefits from the Defendants, including but not limited to benefits, "wages," and wage supplements within the meaning of the NYLL, see, e.g., NYLL §§ 190(1), 198-c (1) and (2).

222.     At all relevant times, Defendants were aware or should have known that they were required by New York law to pay Plaintiffs and members of the FLSA Collective and Class minimum wages for the hours worked each week, without deduction for the costs and expenses associated with their performance of services on behalf of Defendants.

223.     As a result of defendants' willful violations of the NYLL, plaintiffs and Class Members are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

224.     Plaintiffs and members of the FLSA Collective and Class are also entitled to recover liquidated damages from Defendants in an amount equal to 100% of unpaid wages owed to Plaintiffs and members of the FLSA Collective and Class, under the NYLL, see, e.g., NYLL §§ 191, 193, 198 198(1-a), et. seq. and 12 NYCRR 142-2.1, in an amount to be determined at trial.

D. **AS AND FOR A FOURTH CAUSE OF ACTION - New York Labor Law - Unpaid Overtime**

225.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

226.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiffs and members of the FLSA Collective and Class and the

FLSA Collective one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

227.    Defendants have failed to pay Plaintiffs and members of the FLSA Collective and Class and the Class the overtime wages to which they were entitled under the NYLL.

228.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and members of the FLSA Collective and Class and the Class overtime wages.

229.    Such calculation of unpaid overtime wages can and should be made by reference to the hourly wages paid to PCBCNY's other similarly situated employees and/or by reference to the regular rate of wages prevailing in the industry for similarly situated employees performing the same services.

230.    Due to defendants' willful violations of the NYLL, Plaintiffs and members of the FLSA Collective and Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

231.    Plaintiffs and members of the FLSA Collective and Class are entitled to liquidated damages, pre-judgment interest, and reasonable attorneys' fees for Defendants' violations of the NYLL §§ 160, 190 et seq. and 12 NYCRR § 142-2.2, in an amount to be determined at trial.

E.    **AS AND FOR A FIFTH CAUSE OF ACTION - New York Labor Law - Unlawful Deductions (Brought on behalf of Plaintiffs and the Rule 23 Class)**

232.    Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

233.    At all relevant times, Defendants were employers of Plaintiffs and members of the FLSA Collective and Class within the meaning of the N.Y. Lab. Law § § 2 and 651.

234.    Defendants made unlawful deductions from wages due to Plaintiffs and members of the FLSA Collective and Class.

235.    The deductions made from wages owed to Plaintiffs and members of the FLSA

Collective and Class were not authorized by law.

236.     Through their knowing and intentional efforts to take unauthorized deductions from wages due to Plaintiffs and members of the FLSA Collective and Class, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and supporting New York State regulations.

237.     Plaintiffs and members of the FLSA Collective and Class were damaged in an amount to be determined at trial.

### F.  AS AND FOR A SIXTH CAUSE OF ACTION - New York Labor Law - Uniform Expenses (Brought on behalf of Plaintiffs and the Rule 23 Class)

238.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

239.     Defendants required Plaintiffs and members of the FLSA Collective and Class to wear uniforms that were not composed of ordinary street clothing and did not permit variations in details of dress.

240.     Defendants prescribed a specific type and style of clothing to be worn at work.

241.     By failing to pay Plaintiffs and members of the FLSA Collective and Class for the maintenance of required uniforms, defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

242.     Defendants also unlawfully required Plaintiffs and members of the FLSA Collective and Class to launder and maintain their uniforms and failed to provide Plaintiffs and members of the FLSA Collective and Class with pay in addition to the minimum wage for these costs.

243.     Plaintiffs and members of the FLSA Collective and Class incurred costs purchasing and laundering the uniforms for the benefit and convenience of defendants.

244.     It was defendants' policy, and pattern or practice not to pay for the purchase or laundering of uniforms worn by Plaintiffs and members of the FLSA Collective and Class, not to reimburse them for these costs, and not to compensate them at all for these costs.

245.     Defendants' failure to reimburse Plaintiffs and members of the FLSA Collective and Class for the cost of purchasing and laundering these uniforms reduced wages owed to Plaintiffs and members of the FLSA Collective and Class to a level below the required minimum wage and overtime pay.

**246.**     Due to Defendants' willful violations of the NYLL, Plaintiffs and members of the FLSA Collective and Class are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

G.   <u>AS AND FOR A SEVENTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Wages and Benefits in Violation of NYLL § 198-c</u>

247.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

248.     Benefits or wage supplements" are "wages" as defined in N.Y. Lab. Law § 190(1).

249.     NYLL § 198-c imposes on an employer the requirement to abide by the terms of the employer's agreement with its employees to provide them with any agreed-upon benefits. Once the employer agrees to provide benefits, it must abide by the terms of that agreement.

250.     Pursuant to N.Y. Lab. Law § 191(1)(c), Defendants were required to pay Plaintiffs and members of the FLSA Collective and Class "wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment ..."

251.     Workers compensation insurance that Defendants failed to provide Plaintiffs and members of the FLSA Collective, and Class is a "benefit or wage supplement" as defined in NYLL § 198-c.

252.     Unemployment insurance that Defendants failed to provide Plaintiffs and members of the FLSA Collective, and Class is a "benefit or wage supplement" as defined in NYLL § 198-c.

253.     N.Y. Lab. Law § 198-c(1) also provides a private right of action for civil liability. <u>Excavators Union Local 731 Welfare Fund v. Zurmuhlen</u>, 414 N.Y.S.2d 140, 142 (N.Y. App. Div.

1979).

254.     Pursuant to N.Y. Lab. Law § 198(3), Plaintiffs are entitled to recover all wages and liquidated damages accrued within six years before the commencement of this action.

255.     Because of their failure, neglect, and refusal to provide and members of the FLSA Collective and Class insurance, pursuant to N.Y. Lab. Law § 198(1-a), Defendants are liable to Plaintiffs and members of the FLSA Collective and Class for the value of the insurance, an equal amount in liquidated damages, prejudgment interest, and attorneys' fees.

## H. AS AND FOR AN EIGHTH CAUSE OF ACTION - New York Labor Law - Unlawful Deductions from Wages

256.     Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

257.     Pursuant to N.Y. Lab. Law § 193(1), an employer may not make deductions from wages, except as set forth therein.

258.     Deductions that Defendants made from wages and commissions due to Plaintiffs and members of the FLSA Collective and Class were unlawful because they were not "made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency," N.Y. Lab. Law § 193(1)(a), "expressly authorized in writing by the employee and are for the benefit of the employee," N.Y. Lab. Law § 193(1)(b), "related to recovery of an overpayment of wages where such overpayment is due to a mathematical or other clerical error by the employer," N.Y. Lab. Law § 193(1)(a), "expressly authorized in writing by the employee and are for the benefit of the employee," N.Y. Lab. Law § 193(1)(c), or "repayment of advances of salary or wages made by the employer to the employee," N.Y. Lab. Law § 193(1)(d).

259.     Because Defendants made unlawful deductions from wages which were rightfully owed to Plaintiffs and members of the FLSA Collective and Class, pursuant to N.Y. Lab. Law § 198(1-a), Defendants are liable to Plaintiffs for the unlawfully deducted wages, an equal amount in

liquidated damages, attorney's fees, and costs.

I.   **AS AND FOR A NINTH CAUSE OF ACTION - New York Labor Law - Unlawful Kickbacks in Violation of NYLL § 198–b**

260.   Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

261.   Defendants required Plaintiffs and members of the FLSA Collective and Class to pay, without reimbursement, the costs, and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law § § 193 and 198 -b.

262.   Plaintiffs and members of the FLSA Collective and Class were damaged in an amount to be determined at trial.

J.   **AS AND FOR A TENTH CAUSE OF ACTION - New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**

263.   Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

264.   Defendants did not provide Plaintiffs and members of the FLSA Collective and Class with the notices/wage statements required by N.Y. Lab. Law § 195.

265.   Defendants did not give Plaintiffs and members of the FLSA Collective and Class the wage notices required by N.Y. Lab. L. § 195(1).

266.   Defendants did not give wage statements to Plaintiffs and members of the FLSA Collective and Class that complied with N.Y. Lab. L. § 195(3).

267.   As a result of Defendants' willful and unlawful conduct, Plaintiffs, and members of the FLSA Collective and Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**K.  AS AND FOR AN ELEVENTH CAUSE OF ACTION - New York Labor Law - Spread of Hours Violations, N.Y. Lab. L. §§ 650 et seq., N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.4**

268.    Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

269.    Plaintiffs and members of the FLSA Collective and Class regularly had workdays that lasted more than ten (10) hours.

270.    Defendants willfully and intentionally failed to pay Plaintiffs and members of the FLSA Collective and Class one hour's pay at the full New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law, i.e., "spread of hours" compensation.

271.    As a result of Defendants' willful and unlawful conduct, Plaintiffs, and members of the FLSA Collective and Class are entitled to an award of damages, including liquidated damages as provided by New York law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**L.  AS AND FOR A TWELFTH CAUSE OF ACTION - New York Labor Law – Failure to Maintain and Preserve Contemporaneous Wage and Hour Records in Violation of New York Labor Law §§ 195, 661**

272.    Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein

273.    New York Labor Law § 195(4) requires every employer to establish and maintain, for at least six years, inter alia, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee.

274.    New York Labor Law § 661 requires every employer to maintain, inter alia, true, and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

275. Defendants did not, and still do not, maintain and preserve complete and accurate payroll records for all Plaintiffs and members of the FLSA Collective and Class.

276. Defendants violated New York Labor Law §§ 195(4), 661 and 12 N.Y.C.R.R. § 142-2.6 by failing to maintain required records.

277. Defendants' failure to accurately make, keep, maintain, and preserve such records with respect to Plaintiffs and members of the FLSA Collective and Class is prejudicial to Plaintiffs and members of the FLSA Collective and Class and in violation of NYLL §§ 195(4) and 661, for which Plaintiffs are entitled to injunctive relief, as well as damages and statutory penalties pursuant to NYLL §§ 198 and 663.

## M. AS AND FOR A THIRTEENTH CAUSE OF ACTION - Unjust Enrichment

278. Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

279. As a result of Defendants' misclassification of Plaintiffs and members of the FLSA Collective and Class as independent agents, Defendants forced Plaintiffs to bear the normal costs and incidents of PCBCNY's business and thus unjustly enriched themselves, to the detriment of Plaintiffs, in violation of the common law of New York State.

280. As a direct and proximate result of Defendants' conduct, PCBCNY received substantial benefits to which it had no entitlement, at the expense of Plaintiffs and members of the FLSA Collective and Class, including but not limited to increased profits, decreased employment taxes, decreased premiums for workers' compensation and disability benefits, fewer business expenses, and the like.

281. Allowing Defendants to keep and retain these substantial benefits would be unjust, unfair, and inequitable under the circumstances.

282. As a direct and proximate result of Defendants' conduct, as alleged herein, Plaintiffs

and members of the FLSA Collective and Class suffered and continue to suffer substantial losses, for which they are entitled to recover compensatory damages in an amount to be determined at trial.

**N.  AS AND FOR A FOURTEENTH CAUSE OF ACTION - Declaratory Judgment Pursuant to 28 U.S.C. § 2201**

283.   Plaintiffs and members of the FLSA Collective and Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

284.   Despite Defendants' control over virtually all material aspects of the employment relationship, and despite the unequivocal command of applicable statutes and case law to the effect that workers such as Plaintiffs and members of the FLSA Collective and Class are entitled to the protections due to employees under federal and New York State law, Defendants continue to misclassify its drivers as independent agents. As a result, these drivers are deprived of the rights and protections guaranteed by federal and state law to employees, and they are deprived of employer-financed workers' compensation coverage and unemployment insurance benefits.

285.   An actual controversy has arisen between the Plaintiffs and members of the FLSA Collective and Class and Defendants relating to the following matters:

A.   Whether Defendants have unlawfully misclassified Plaintiffs and members of the FLSA Collective and Class as independent agents/contractors, and have thus denied Plaintiffs and members of the FLSA Collective and Class of the benefits of employee status, including but not limited to, their entitlement to:

      i.   Unpaid wages and overtime wages;

      ii.   Reimbursement of expenses incurred for Defendants' benefit;

      iii.   Health benefits;

      iv.   Pension benefits;

      v.   Life insurance; and

      vi.   Disability insurance.

B.     What amounts Plaintiffs and members of the FLSA Collective and Class are entitled to receive in compensation and benefits;

C.     What amounts Plaintiffs and members of the FLSA Collective and Class are entitled to receive in interest on unpaid benefits due and owing;

D.     What amounts Plaintiffs and members of the FLSA Collective and Class are entitled to receive from Defendants in statutory penalties and interest.

286.     Pursuant to 28 U.S.C. § 2201, this Court should issue a declaratory judgment establishing that Plaintiffs and members of the FLSA Collective and Class are, or were, employees of PCBCNY and that Plaintiffs and members of the FLSA Collective and Class are, or were, therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of New York.

287.     Plaintiffs and members of the FLSA Collective and Class therefore seek entry of a declaratory judgment in their favor which declares Defendants' practices as heretofore alleged to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendants to the Plaintiffs and members of the FLSA Collective and Class.

## O. <u>AS AND FOR A FIFTEENTH CAUSE OF ACTION - New York Franchise Act - NYGBL Article 33 and 13 NYCRR Part 200</u>

288.     Plaintiffs and members of the Class reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

289.     If Plaintiffs and members of the Class are not deemed to be "employees" of Defendants, then at the very least their purchase of distributorship routes constitute the purchase of "franchises," within the meaning of the FTC Franchise Rule, 16 CFR Parts 436, 437m and Section 681 of New York's Franchise Act (NYGBL Article 33).

290.     Pursuant to the Distributor Agreements, Plaintiffs, and members of the Class were purportedly granted the right to engage in the business of offering, selling, or distributing goods or

services under PCBCNY's marketing plan or system, which is prescribed, in substantial part, by PCBCNY.

291.    The Distributor Agreements also granted Plaintiffs and members of the Class the right to engage in the business of offering, selling, or distributing goods or services that are substantially associated with PCBCNY's trademark, service mark, trade name, logotype, or advertising.

292.    Moreover, Plaintiffs and members of the Class were required to provide a "franchise fee," in the form of the purchase price of the route.  NYGBL § 681(7).

293.    Thus, if not "employees," Plaintiffs and members of the Class must at least be treated as "franchisees," entitled to the protections and remedies available under New York's Franchise Act (NY GBL Article 33).

294.    If not an "employer" of Plaintiffs and members of the Class, PCBCNY must at least be deemed a "franchisor," within the meaning of NYGBL § 681(3), (4), and (5).

295.    Upon information and belief, contrary to the express requirements of the Franchise Act, Defendants have never filed an offering prospectus with the department of law in New York State, nor did they ever file a registration on forms prescribed by the department, nor did they provide Plaintiffs and members of the Class with any of the detailed disclosures and accompanying documents required by GBL § 683(1) through (7), either before Plaintiffs' acquisition of their respective PCBCNY routes through execution of the Distributor Agreements, or at any time thereafter.

296.    Upon changing the terms and conditions of their relationship with Plaintiffs and members of the Class, Defendants likewise failed to provide or file with the department of law or to provide to Plaintiffs and members of the Class any advance or even contemporaneous notice of such changes or amendments, as they were required to do pursuant to GBL § 683(9).

297.    Defendants offered to sell and did sell the PCBCNY franchises to Plaintiffs and members of the Class in a manner that wholly disregarded and failed to comply with the formal registration, disclosure, and offering requirements set forth in the Franchise Act, including GLB § 683 (1) through (7), (11) and (13) – and such failures are ongoing and continue to date.

298.    Defendants also have wholly failed to comply with the recordkeeping, accounting, and filing requirements set forth in § 683(14) – and such failures are ongoing and continue to date.

299.    Defendants are not exempt from the requirements of the Franchise Act under GBL § 684.

300.    In failing to comply with any of the minimum requirements of the Franchise Act and entering into Distributor Agreements that were and continue to be illusory, adhesive, unprofitable, and unduly burdensome on Plaintiffs and members of the Class, Defendants employed – and continue to date to employ – a "device, scheme, or artifice to defraud" Plaintiffs. GBL § 687(2)(a) and (c).

301.    In conspicuously failing to disclose or recognize the true nature of the transactions as the sale of a franchise subject to the Franchise Act, Defendants have also willfully, deceptively, and fraudulently misrepresented and concealed their duties and obligations under the Franchise Act and Plaintiffs' corresponding rights and remedies. Their fraudulent misrepresentations and deceptive practices continue to date.

302.    Moreover, in conducting their business operations in the manner described herein so as to burden Plaintiffs with the heavy costs and expenses of performing services for PCBCNY, while unduly restricting, limiting, and controlling Plaintiffs' ability to act independently to earn a profit and maximize the returns on their franchise investments, Defendants engaged and continue to engage in an "act, practice, or course of business which operates as a fraud or deceit" upon Plaintiffs and members of the Class, in violation of GBL § 687(2)(a) and (c).

303.     PCBCNY and the individually named Defendants are jointly and severally liable for the above-referenced violations of the Franchise Act, under GBL § 691(3), inasmuch as each of the individually named Defendants is a principal, officer, or director of PCBCNY (or performs similar management and supervisory functions), and each materially aided in the acts or transactions constituting the violations.

304.     As a result of Defendants' willful and material violations of the Franchise Act, many of which are ongoing, Plaintiffs are entitled to recover their actual damages and to rescind their purchases of the PCBCNY franchises, so as recover the amounts paid for the franchises, plus interest at 6%. Plaintiffs and members of the Class are also entitled to recover their attorneys' fees and court costs. GBL § 691(1).

## VIII.     <u>RELIEF REQUESTED</u>

**WHEREFORE**, Plaintiffs, on behalf of themselves and on behalf of the FLSA Collective Plaintiffs and Rule 23 Class, pray for judgment against Defendants, jointly and severally, as follows:

A.     Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees or as supposed independent agents/contractors. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit of they believe they were denied premium overtime wages;

B.     Certification of this case as a collective action pursuant to FLSA;

C.     Issuance of notice pursuant to 29 U.S.C. § 216 (b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing

individual Consent to Sue forms pursuant to 29 U.S.C. § 216 (b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

D.      Actual compensatory damages to Plaintiffs and members of the FLSA Collective and Class to the full extent permitted by law;

E.      A judgment in favor of Plaintiffs and members of the FLSA Collective and Class for all statutory penalties and liquidated damages allowed by law;

F.      Award of prejudgment interest to Plaintiffs and members of the FLSA Collective and Class;

G.      Award of injunctive relief enjoining and directing the Defendants to reclassify Plaintiffs and members of the FLSA Collective and Class as employees, to keep and preserve appropriate wage and employment records and comply with all applicable wage/notice requirements, and to provide Plaintiffs and members of the FLSA Collective and Class with all applicable wages, benefits, and wage supplements on a going-forward basis;

H.      Award of judgment rescinding the Distributor Agreements, and awarding restitution compensating Plaintiffs for the amounts they paid for the illusory Distributor Agreements and for the reasonable value of the benefits provided by Plaintiffs and members of the FLSA Collective and Class to Defendants;

I.      Declaring that the Defendants' acts described in this Complaint constitute violations of the New York Labor Law, New York common law, and the federal Fair Labor Standards act, or alternatively, the New York Franchise Act;

J.      Award of punitive damages in an amount to be determined at trial;

K.      Attorneys' fees and costs as provided by law; and

L.      Such other and further relief as the Court may deem just and equitable.

IX.    **DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedure, Plaintiffs demand a

trial by jury on all questions of fact.

Dated: Astoria, New York                              SACCO & FILLAS, LLP
      September 10, 2021                          Attorneys for Plaintiffs, proposed FLSA
                                     Collective and potential Rule 23 Class

                                      _/s/ Patricia R. Lynch_
                                      Patricia R. Lynch (PL-8436)
                             Clifford R. Tucker, Esq., (CT-0206)
                                  Luigi Brandimarte, Esq.

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA
## BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _____Ashton_____          _____Michael    J_____
           LAST NAME                                    FIRST, M.I.

Home Address: _____16-18  160th St._____
_____Whitestone, NY 11357_____

Signature: _____Michael J Ashton_____
Print Name: _____Michael J. Ashton_____

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _Chapman_ _Christopher J_
LAST NAME                                 FIRST, M.I.

Home Address: _415 OVINGTON AVE_
_BROOKLYN. N.Y. 11209 D16._

Signature: _Christopher Chapman_
Print Name: _Christopher J Chapman._

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA

      I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _____DiStasi_____      _____Joseph J._____
           LAST NAME                        FIRST, M.I.

Home Address: _____499 Pennsylvania Ave_____
_____Williston Park NY_____

Signature: _____Joseph J DiStasi_____
Print Name: _____Joseph J. DiStasi_____

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _____COSTA_____          _____LEONARD_____
                LAST NAME                                          FIRST, M.I.

Home Address: ____15 EAGLE LANE____
____HAUPPAUGE, NY 11788____


Signature: _____Leonard Costa_____
Print Name: _____LEONARD COSTA_____

## CONSENT TO SUE

### REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: Nieves _____       _____ Steven _____
        LAST NAME                                    FIRST, M.I.

Home Address: 1935 Clinton Ave Apt#4S
              Bronx NY 10457

Signature: _Steven Nieves_____

Print Name: Steven Nieves_____

**CONSENT TO SUE**

**REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA
BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA**

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _MArtin_            _Stephen_

LAST NAME                           FIRST, M.I.

Home Address:    _1978 New York Ave_

_Bklyn NY 11210_

Signature: _Stephen Martin_

Print Name: _Stephen Martin_

**CONSENT TO SUE**

**REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA
BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA**

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _____*Poletti*_____         _____*TERENCE    J.*_____
               LAST NAME                                      FIRST, M.I.

Home Address:     *48 Wagstaff Lane*
                  *West Islip NY 11795*

Signature: _____

Print Name: _____*TERENCE   J   Poletti*_____

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF – PEPSI-COLA BOTTLING COMPANY OF NEW YORK FAIR PLAY ACT AND FLSA

I hereby consent to become a party plaintiff in an action to recover unpaid wages, overtime, and other relief under the Fair Play Act and FLSA.

Name: _Weidler_____          _Steven_____
            LAST NAME                                              FIRST, M.I.

Home Address: _1723 West 13th_____
                       _Brooklyn NY 11223_____

Signature: _Steven Weidler_____
Print Name: _Steven Weidler_____