UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
TERENCE POLETTI et al.,                                  :
                                                         :                    21-CV-7603 (VSB)
                                          Plaintiffs,    :
                                                         :                    **OPINION & ORDER**
                       -against-                         :
                                                         :
                                                         :
PEPSI-COLA BOTTLING COMPANY OF                           :
NEW YORK, INC., et al.                                   :
                                                         :
                                          Defendants.    :
                                                         :
-------------------------------------------------------- X

Appearances:

Clifford Ryan Tucker
Patricia Rose Lynch
Sacco & Fillas, LLP
Astoria, NY
*Counsel for Plaintiffs*

Patrick G. Brady
James Joseph Sawczyn
Epstein Becker & Green, P.C.
Newark, NJ
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

   Defendants Pepsi-Cola Bottling Company of New York ("Pepsi Co."), Reginald Goins, William W. Wilson, Harold Honickman, Jeffrey Honickman, Joseph Klingler, Scott Allmers, and Joseph Hayes (the "Individual Defendants," together with Pepsi Co., "Defendants") have filed two motions to compel arbitration and stay this matter pursuant to the Federal Arbitration Act ("FAA"). (*See* Docs. 64, 67.) The first of these motions seeks to compel arbitration as to

seventeen of the Plaintiffs[1], (Doc. 64, "First Motion to Compel"), and the second seeks to compel arbitration for the remaining eleven Plaintiffs[2], (Doc. 67, "Second Motion to Compel"). Because Defendants have not waived their right to compel arbitration and the parties' arbitration clause covers the dispute between the parties, Defendants' motions are GRANTED.

I. **Background**

Pepsi Co. is a soft drink bottling and distribution company engaged in business in New York. (Doc. 65 at 2.) The Individual Defendants are "owners and members of [Pepsi Co.'s upper management team." (Doc. 92, "Third Amended Complaint," ¶ 1.) Plaintiffs are all current or former distributors of Pepsi Co.'s products. (*Id.*) Before delivering Pepsi Co. products, Defendants required each Plaintiff to sign a Distributor Agreement ("Agreement"). (*Id.* ¶ 16.)

Seventeen Plaintiffs operated pursuant to Agreements that took effect prior to January 4, 2021 (the "Prior Agreements"). (Doc. 65 at 3.) The Prior Agreements vary slightly but all include an arbitration clause which provides that "Any and all disputes or disagreements between the Company and the Distributor concerning the interpretation of application of the provisions of this Agreement, shall be determined in arbitration." (Doc. 74 at 10.) This clause is identical across the Prior Agreements with the exception of the phrase "interpretation of application" which in some Agreements reads "interpretation or application." (Doc. 65 at 5.)

The remaining Eleven Plaintiffs operated pursuant to Agreements that became effective January 4, 2021, the ("Current Agreements"). (Doc. 68 at 3.) The Current Agreements all

---

[1] These Plaintiffs are Terrence Poletti, Arthur Combs, Leonard Costa, Christopher Chapman, Steven Nieves, Kirk Rodriguez, Matthew Dundie, N. William Good, Jeffrey Good, Nick Purcel, Angel Lopez, Gerard Amitrano, Thomas Capriola, George Murn, Terrence Carr I, Terrence Carr II, and Meryl Walder as Executor of the Estate of Alan Walder, ("Seventeen Plaintiffs").

[2] These eleven Plaintiffs are Joseph Distasi, Michael Ashton, Leonard Carlo, Steven Weidler, Miguel Mieles, Robert Eliseo, Vincent Carrieri, Abraham Rosario, Stephen Martin, Thomas Legotte, and Kirk Rodriguez, ("Eleven Plaintiffs").

contain an arbitration clause which states:

> Any dispute or claim that the Company may have against the Distributor, or the Distributor may have against the Company or against its officers, directors, employees or agents in their capacity as such, or in their individual capacity, the Company's parent companies, all subsidiary and affiliate entities and all successors and assigns of any of them, arising out of, or, in connection with this Agreement or the relationship of the parties, including, but not limited to, its terms and interpretation thereof, statutory and common law claims arising under federal, New York State and New York City laws pertaining, but not limited to, commercial transactions, employment practices; discrimination, retaliation; employee benefits; and wage and hour requirements (including, but not limited to, misclassification claims) shall, upon written request of either party, be resolved by arbitration as provided herein.

(*Id.*)  The Current Agreements further explain that:

> All parties to the arbitration must be individually named. There is no right or authority for any claims to be arbitrated or litigated on a class-action, collective action, or consolidated basis, on behalf of the Company's distributors or other parties, or joined or consolidated with claims of other parties, including without limitation any other distributors of Company, and Distributor and the Company are barred from doing so.

(*Id.*)

## II.  Procedural History

Plaintiffs initiated this action by filing a complaint on September 10, 2021.  (Doc. 1.) Plaintiffs then filed an amended complaint on September 15, 2021, (Doc. 19), a first amended complaint on November 1, 2021, (Doc. 29, "First Amended Complaint"), and a second amended complaint on November 16, 2021[3], (Doc. 35, "Second Amended Complaint").  In the Second Amended Complaint, Plaintiff raises claims pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  (*Id.*)

On November 30, 2021, Defendants filed a motion to dismiss the Second Amended

---

[3] On November 3, 2021, Plaintiffs initially filed their Second Amended Complaint, (Doc. 30), but re-filed it on November 16, 2021 at the request of the Clerk of Court due to a filing error, (Doc. 35).

Complaint, (Doc. 42), along with a memorandum of law in support, (Doc. 43).  On February 9, 2022, Plaintiffs filed a motion for leave to file a third amended complaint.  (Doc. 49.)  On February 10, 2022, I ordered, among other things, that Plaintiffs file a proposed third amended complaint and a mark-up showing the proposed revisions.  (Doc. 51.)  On February 23, 2022, Plaintiffs filed a motion to amend their complaint along with a memorandum of law in support of their motion and in opposition to Defendants' motion to dismiss and a copy of the proposed third amended complaint and a mark-up.  (Docs. 54–56.)  On February 25, 2022, Defendants filed a reply memorandum in support of their motion to dismiss.  (Doc. 58.)  On March 18, 2022, Plaintiffs filed a reply memorandum in support of their motion to amend.  (Doc. 63.)

Defendants filed the First Motion to Compel and the Second Motion to Compel on September 16, 2022.  (Docs. 64, 67.)  On November 28, 2022, Plaintiffs opposed both motions.  (Docs. 74, 75.)  On December 12, 2022, Defendants filed replies in support of the motions to compel.  (Docs. 80, 81.)  On March 9, 2023, I granted Plaintiffs' motion to amend their complaint.  (Doc. 90.)  On March 23, 2023, Plaintiffs filed the Third Amended Complaint.  (Doc. 92.)

### III.     Legal Standard

The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition [a] United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  "When considering a motion to compel arbitration, courts must resolve two questions: '(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue.'"  *Dowe v. Leeds Brown L., P.C.*, 419 F. Supp. 3d 748, 756 (S.D.N.Y. 2019) (quoting *Holick v. Cellular Sales of New York, LLC*,

802 F.3d 391, 394 (2d Cir. 2015)); *see also In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010) ("[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue.").

"Courts deciding motions to compel apply a standard similar to that applicable for a motion for summary judgment," in that "the court considers all relevant, admissible evidence submitted by the parties . . . and draws all reasonable inferences in favor of the non-moving party." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (cleaned up). If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary. *Id.* (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003); 9 U.S.C. § 4). However, the "party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010); *accord Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) ("[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."); *Application of Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342 (S.D.N.Y. 2014), *aff'd sub nom. Whitehaven S.F., LLC v. Spangler*, 633 F. App'x 544 (2d Cir. 2015) ("Whether it argues that arbitration is improper because the arbitration agreement is invalid under a defense to contract formation, or asserts that the arbitration contract does not encompass the claims at issue, either way, the resisting party shoulders the burden of proving its defense." (internal quotation marks omitted)). "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but

must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

"Arbitration agreements are considered contracts." *Nat'l Credit Union Admin. Bd. v. Goldman, Sachs & Co.*, 775 F.3d 145, 148 (2d Cir. 2014) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Accordingly, "though the presumption in favor of arbitration is strong, the law still requires that parties actually agree to arbitration before it will order them to arbitrate a dispute." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 369 (2d Cir. 2003). "[T]he ultimate question of whether the parties agreed to arbitrate is determined by state law." *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002).[4] Under New York law, the party seeking arbitration bears the burden of proving that a valid arbitration agreement exists, but need only prove the existence of a valid arbitration agreement by a preponderance of the evidence. *See Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 46 (2d Cir. 1993). "[T]o create a binding contract, there must be a meeting of the minds." *Highland HC, LLC v. Scott*, 978 N.Y.S.2d 302, 306 (2d Dep't 2014). However, it is settled New York law that "a party will not be excused from his failure to read and understand the contents" of a document. *Johnson v. Thruway Speedways, Inc.*, 407 N.Y.S.2d 81, 83 (3d Dep't 1978). The general rule under New York law is that "a party who executes a contract is considered bound by the terms of that contract." *Stern v. Espeed, Inc.*, No. 06 Civ. 958 (PKC), 2006 WL 2741635, at *1 (S.D.N.Y. Sept. 22, 2006). "[I]n the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract . . . is conclusively

---

[4] Because (1) all or a substantial part of the alleged events or omissions giving rise to the claims occurred in New York, (2) Pepsi Co. is a soft drink bottling and distribution company engaged in business in New York (Third Amended Complaint ¶ 2), and (3) Plaintiffs are current or former distributors of Pepsi Co.'s products in New York, (*id*. ¶1), I apply New York law to the question of whether the parties assented to arbitration of the present dispute. The parties do not claim that the law of another state applies, and both cite New York law in their briefs.

presumed to know its contents and to assent to them." *Fleming v. J. Crew*, No. 1:16-cv-2663-GHW, 2016 WL 6208570, at *3 (S.D.N.Y. Oct. 21, 2016) (cleaned up) (quoting *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004)).

In the Second Circuit, both FLSA and NYLL claims are arbitrable. *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123 (2d Cir. 2017); *see Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 292 n.1 (2d Cir. 2013). This includes misclassification cases. *See, e.g., Johnson v. Parts Auth., LLC*, No. 16CV06852DLIRML, 2020 WL 8414990, at *1 (E.D.N.Y. Sept. 30, 2020).

## IV. Discussion

Based on a review of the parties' submissions, the parties do not dispute that they have entered into a valid agreement to arbitrate at least some disputes. (Doc. 74 at 10.) However, Plaintiffs assert that Defendants waived their right to compel arbitration and claims that the scope of the arbitration agreement does not cover their present claims.

### A. *Waiver*

Plaintiffs argue that Defendants' motions should be denied because Defendants waived arbitration by waiting one year before moving to compel. (Doc. 74 at 13.) The Supreme Court held in *Morgan v. Sundance, Inc.* that "prejudice is not a condition of finding that a party waived its right to stay litigation or compel arbitration under the FAA." 142 S. Ct. 1708, 1714 (2022). In other words, a party may waive their right to arbitrate regardless of whether their conduct was harmful. In reaching this holding, the Supreme Court aligned the arbitration waiver analysis with "the usual federal rule of waiver" which "does not include a prejudice requirement." *Id*.

There are two factors to consider when determining whether there has been a waiver of an agreement to arbitrate in the Second Circuit: "(1) the time elapsed from when litigation was

7

commenced until the request for arbitration; and (2) the amount of litigation to date, including motion practice and discovery." *Herrera v. Manna 2nd Ave. LLC*, No. 1:20-CV-11026-GHW, 2022 WL 2819072, at *6 (S.D.N.Y. July 18, 2022) (citing *Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010)). "There is no bright-line rule, however, for determining when a party has waived its right to arbitration: the determination of waiver depends on the particular facts of each case." *Johnson v. Ensite USA, Inc.*, 21-CV-04437 (PMH), 2022 WL 463381, at *4 (S.D.N.Y. Feb. 15, 2022) (internal quotation marks omitted).

With regard to the elapsed time, the litigation commenced almost exactly one year prior to Defendants moving to compel arbitration. (*See* Docs. 1, 64, 67.) Although a one-year delay is not prompt, courts have granted motions to compel arbitration following similar delays. *See Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) (refusing to find waiver after a three-year delay) (collecting cases); *In re Generali COVID-19 Travel Ins. Litig.*, 577 F. Supp. 3d 284, 294 (S.D.N.Y. 2021) (refusing to find waiver after roughly one year). "[D]elay alone cannot support a finding of waiver in the context of arbitration." *De Jesus v. Gregorys Coffee Mgmt.*, LLC, No. 20CV6305MKBTAM, 2022 WL 3097883, at *8 (E.D.N.Y. Aug. 4, 2022). Moreover, here, a portion of the one-year delay can be attributed to Plaintiffs, who amended their complaint twice and sought leave to file a third amended complaint before the motions to compel were filed.

With regard to the amount of litigation, when analyzing whether a party has waived their right to arbitrate, courts consider "any motion practice engaged in by the parties and the extent of discovery that the parties have exchanged." *Id.* at *9. "This Circuit has refused to find waiver in a number of cases where delay in trial proceedings was not accompanied by substantial motion

8

practice or discovery." *Thyssen, Inc.*, 310 F.3d at 105 (collecting cases).  The parties in this case have not yet begun discovery and have only engaged in substantive motion practice related to a motion to dismiss and the present motion to compel arbitration.  Therefore, it cannot be said that this matter has involved substantial motion practice.  *See, e.g., In re Generali COVID-19 Travel Ins. Lit.*, 577 F. Supp. 3d at 294 (finding waiver did not apply in part because there had been "no discovery" and the proceedings "primarily involved" consolidation, a motion to dismiss, and a motion to compel arbitration).  Although Defendants have moved to dismiss the case, that filing does not act as a waiver of their right to compel arbitration, particularly considering that the motion to dismiss has not yet been decided.  "Courts have long concluded that such pre-answer motion practice does not constitute the sort of significant litigation that weighs in favor of finding that there has been a waiver of an arbitration agreement." *Boustead Sec., LLC v. Leaping Grp. Co.*, No. 20-CV-3749, 2023 WL 2481109, at *4 (S.D.N.Y. Feb. 14, 2023); *see also Mahmoud Shaban & Sons Co. v. Mediterranean Shipping Co., S.A.*, No. 11 CIV. 6322, 2013 WL 5303761, at *2 (S.D.N.Y. Sept. 20, 2013) ("it is well established that [defendant's] choice to file a motion to dismiss before moving to compel arbitration does not in itself waive [defendant's] right to enforce the arbitration clause after the motion to dismiss is resolved").

Accordingly, under the facts presented here I do not find that the one-year delay is sufficient to find that Defendants waived their right to compel arbitration, particularly in light of the lack of discovery and motion practice that has occurred.

### B.   *Scope of the Arbitration Provisions*

Plaintiffs argue that the arbitration provisions' "plain language is narrow and excludes a misclassification case." (Doc. 74 at 10.)  I disagree.  In the Prior Agreements, the parties agreed to arbitrate "[a]ny and all disputes or disagreements between the Company and the Distributor

9

concerning the interpretation of application of the provisions of this Agreement, shall be determined in arbitration."[5] (*Id.*)  In the Current Agreement, the parties agreed to arbitrate "[a]ny dispute or claim that the . . . Distributor may have against the Company . . . arising out of, or, in connection with this Agreement or the relationship of the parties."  (Doc. 68 at 12.)  The language of the arbitration provisions in both the Prior Agreements and the Current Agreements is quite broad.  *See PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996) ("The meaning of the first of these provisions is plain indeed:  any and all controversies are to be determined by arbitration.  The wording is inclusive, categorical, unconditional and unlimited."); *Rochdale Vill., Inc. v. Pub. Serv. Emp. Union, Local No. 80, Int'l Bhd. Of Teamsters*, 605 F.2d 1290, 1296 (2d Cir. 1979) (determining that "any and all disputes" is an "all-inclusive phrase").  Further, the Agreements as a whole are expansive and "determine[] the conditions of Plaintiffs' employment in virtually every area."  (Third Amended Complaint ¶ 17.)

The scope of the arbitration provisions includes the dispute at issue in this litigation.  I find that compelling arbitration here is consistent with the parties' agreements to arbitrate "any and all disputes" related to "the interpretation of application of the provisions," (Doc. 65 at 5), and "any dispute or claim" that is "arising out of, or, in connection with [the] Agreement or the relationship of the parties," (Doc 68 at 7).

### C. *Stay of Litigation*

Defendants request that I stay this matter while the parties engage in arbitration.  (Doc. 65 at 19.)  Pursuant to the FAA,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration,

---

[5] Some of the Agreements contain the phrase "interpretation of application" and others contain the phrase "interpretation or application."  (Doc. 74 at 26.)  Defendants explain that the slight variation in the wording "is irrelevant," (Doc. 65 at 5; Doc. 68 at 6), and Plaintiffs state that the difference "does not expand the scope of the clause" (Doc. 74 at 26).  Accordingly, I interpret both of these phrases to have the same meaning.


the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Because I find that all of Plaintiffs' claims are subject to arbitration, Defendants' motion to stay this case is GRANTED.

## V.   Conclusion

For the reasons state above, Defendants' motions to compel arbitration, (Docs. 64, 67), are GRANTED, and I refer Plaintiffs' claims to arbitration. The case is hereby STAYED pending the completion of arbitration. The parties are directed to submit a joint status letter 120 days from the date of this Opinion & Order, advising me as to the status of arbitration proceedings.

The Clerk of the Court is respectfully directed to terminate the pending gavels at Docs. 64 and 67.

SO ORDERED.

Dated:   September 6, 2023
         New York, New York

_____
Vernon S. Broderick
United States District Judge