UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERENCE POLETTI, LEONARD COSTA, CHRISTOPHER J. CHAPMAN, STEVEN NIEVES, JOSEPH DISTASI, ARTHUR COMBS, MICHAEL ASHTON, LEONARD CARLO, KIRK RODRIGUEZ, STEVEN WEIDLER, MIGUEL MIELES, ROBERT ELISEO, VINCENT CARRIERI, ABRAHAN ROSARIO, MATTHEW DUNDIE, N. WILLIAM GOOD, JEFFREY GOOD, NICK PURCELL, ANGEL LOPEZ, GERARD AMITRANO, STEPHEN MARTIN, THOMAS CAPRIOLA, GEORGE MURN, THOMAS LEGOTTE, TERENCE CARR, TERENCE CARR II, and MERYL WALDER AS THE EXECUTOR OF THE ESTATE OF ALAN WALDER, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC., REGINALD GOINS, WILLIAM W. WILSON, HAROLD HONICKMAN, JEFFREY HONICKMAN, JOSEPH KLINGLER, SCOTT ALLMERS, and JOSEPH HAYES, <br><br> Defendants. | Case No.: 1:21-cv-07603-VSB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S OPINION & ORDER DATED SEPTEMBER 6, 2023**

SACCO & FILLAS LLP<br>
Clifford Tucker, Esq.<br>
31-19 Newtown Ave., 7Th Floor<br>
Astoria, New York 11104<br>
Ph: 718-269-2243<br>
CTucker@SaccoFillas.com

1

# **TABLE OF CONTENTS**

1. PRELIMINARY STATEMENT ------------------------------------------------------------------------------- 4
2. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY -------------------- 4
3. ARGUMENT ----------------------------------------------------------------------------------------------------- 5
   3.1. The Court Overlooked the Sections of the Distributorship Agreements that Prevent Plaintiffs from Vindicating their Substantive Rights. -------------------------------------------------- 6
4. CONCLUSION ------------------------------------------------------------------------------------------------- 9

# **TABLE OF AUTHORITIES**

CASES

*Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013) .................................................. 5
*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ............................................................. 5
*Espinosa v. SNAP Logistics Corp.,* No. 17 CIV. 6383 (AT), 2018 WL 9563311, at *6 (S.D.N.Y. Apr. 3, 2018) ............................................................................................................................... 7
*In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016) ................................. 4
*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ................ 5
*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ............................................................................................................ 4
*Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998) (referring to Title VII) ... 7
*Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153-54 (2d Cir. 2008) ...................................... 4

STATUTES

29 U.S.C. § 201 ............................................................................................................................. 2
Fed. R. Civ. P. 59 ...................................................................................................................... 2, 4
Fed. R. Civ. P. 60 ...................................................................................................................... 2, 4
N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.10 ....................................................................... 7
N.Y. Lab. Law § 193 .................................................................................................................... 7
NY R USDCTS&ED Civ Rule 6.3 ........................................................................................... 2, 4

1. **<u>PRELIMINARY STATEMENT</u>**

Pursuant to NY R USDCTS&ED Civ Rule 6.3, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), Plaintiffs respectfully submit this motion for reconsideration or re-argument concerning the Court's opinion and order dated September 6, 2023. ECF No. 97.

2. **<u>STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY</u>**

This is a wage and hour action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, (FLSA) and New York Labor Law (NYLL). Defendants are a soft drink bottling and distribution company and owners and executives. Plaintiffs are current or former distributors of Defendants' products. *See* Exhibit A; ECF No. 97 (Opinion & Order).

Seventeen Plaintiffs operated pursuant to Agreements that took effect prior to January 4, 2021 (the "Prior Agreements"). (Doc. 65 at 3.) The Prior Agreements vary slightly but all include an arbitration clause which provides that "Any and all disputes or disagreements between the Company and the Distributor concerning the interpretation of application of the provisions of this Agreement, shall be determined in arbitration." (Doc. 74 at 10.) This clause is identical across the Prior Agreements with the exception of the phrase "interpretation of application" which in some Agreements reads "interpretation or application." (Doc. 65 at 5.). *See* Exhibit A; ECF No. 97 (Opinion & Order).

The remaining eleven Plaintiffs operated pursuant to Agreements that became effective January 4, 2021, the ("Current Agreements"). (Doc. 68 at 3.). *See* Exhibit A; ECF No. 97 (Opinion & Order).

The Prior Agreements state, "in no event shall the Arbitrator have the power to alter or amend the terms of this Agreement" and "the Distributor in his or its relation to the Company shall at all times be an independent agent and neither the Distributor nor any of his or its employees shall

4

under any, circumstances be deemed to be an employee of the Company" Exhibit B. (Prior Agreement at Paragraphs 17 and 22).

Similarly, the "Current Agreement" states, "the arbitrator shall not have the authority to alter, modify or amend the terms of this Agreement" and "the Distributor in its relation to the Company shall at all times be a separate business entity which is an independent contractor, not an agent or employee of the Company" Exhibit C (Current Agreement at paragraphs 9.1, 9.2, and 23.1).

The Current Agreement also states "distributor agrees to bear all costs and expenses incidental to operation of the Equipment, whether empty or loaded, including, without limitation, depreciation, wear and tear, all risks of damage to the Equipment or harm to the persons or property of others,, all maintenance (including cleaning and washing), fuel, oil, tires, repairs (unless the need for such repairs was caused by the Company's own negligence), business taxes, insurance coverage as provided herein, workers' compensation assessments, licenses, vehicle registration renewal fees, base plates, and all highway, bridge and ferry tolls. Exhibit C (Current Agreement at Par. 3.3).

The Current Agreement further states "under no circumstances shall the arbitrator have authority to award special, incidental or consequential damages (including, but not limited to, loss of profits)." Exhibit C (Current Agreement at Par. 23.1).

On September 6, 2023, the Court issues its Opinion & Order and, pursuant to 9 U.S.C. § 3, the Court stayed this litigation while the parties engage in arbitration. Exhibit A; ECF No. 97.

3. **ARGUMENT**

Plaintiffs respectfully submit that the Court overlooked certain terms in the Distributorship Agreements that prevent Plaintiffs from vindicating their rights in arbitration.

On a motion to reconsider, "there shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." NY R USDCTS&ED Civ Rule 6.3. "A motion to alter or amend a judgment must be

filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect … (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016); *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (clear error of law is a proper ground for reconsideration); *see e.g., Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153-54 (2d Cir. 2008) (affirming district court's reconsideration to correct application of the wrong legal standard).

### 3.1. **The Court Overlooked the Sections of the Distributorship Agreements that Prevent Plaintiffs from Vindicating their Substantive Rights.**

Plaintiffs respectfully submit that the Court overlooked sections of the Distributorship Agreements that would prevent Plaintiffs from vindicating their substantive rights under the FLSA and NYLL in arbitration. First, if the arbitration clauses cover this dispute, then arbitrators would not award damages under the FLSA and NYLL because the Agreements prohibit arbitrators from changing clauses that pre-determined Plaintiffs are independent contractors and not employers. Second, Plaintiffs respectfully submit that the Court overlooked that the Current Distributorship Agreement could prevent Plaintiffs from vindicating their rights under the FLSA and NYLL to all available damages. The Court should reconsider its decision and deny Defendants' motions to compel arbitration.

"By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the [Federal Arbitration Act] statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). "The 'effective vindication' exception … originated as dictum in *Mitsubishi Motors*, where [the Supreme Court] expressed a willingness to invalidate, on 'public policy' grounds, arbitration agreements that 'operat [e] ... as a prospective waiver of a party's right to pursue statutory remedies'." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013) (*citing Mitsubishi Motors Corp.,* 473 U.S. at 637 (1985)). "That would certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights." *Id.*

For instance, the Supreme Court refused to enforce a waiver of liquidated damages under the FLSA because "to allow waiver of statutory wages by agreement would nullify the purposes of the Act." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "The same policy considerations which forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages." *Id.*

First, the case at bar turns on whether Plaintiffs are "independent contractors" or "employees" under the FLSA and NYLL. By pre-determining that Plaintiffs are "independent contractors" and not "employees," and contractually prohibiting an arbitrator from modifying that provision, the Plaintiffs are unable to vindicate their rights under the FLSA and NYLL.

The Prior Agreements state, "in no event shall the Arbitrator have the power to alter or amend the terms of this Agreement" and "the Distributor in his or its relation to the Company shall at all times be an independent agent and neither the Distributor nor any of his or its employees shall under any, circumstances be deemed to be an employee of the Company" Exhibit B. (Prior Agreement at Paragraphs 17 and 22). Similarly, "Current Agreement" states, "the arbitrator shall not have the authority to alter, modify or amend the terms of this Agreement" and "the Distributor in

7

its relation to the Company shall at all times be a separate business entity which is an independent contractor, not an agent or employee of the Company" Exhibit C (Current Agreement at paragraphs 9.1, 9.2, and 23.1). Arbitrators would read the Distributorship Agreements as prohibiting an award of damages because both Agreements prohibit the arbitrator from modifying Agreements which state that Plaintiffs are "independent contractors" and are not "employees."[1]

Second, the Current Agreement may impair recovery of damages that are recoverable under the FLSA or NYLL by stating, "under no circumstances shall the arbitrator have authority to award special, incidental or consequential damages (including, but not limited to, loss of profits)" and requiring the Plaintiffs to bear all expenses associated with their work, including but not limited to "depreciation, wear and tear, all risks of damage to the Equipment or harm to the persons or property of others, all maintenance (including cleaning and washing), fuel, oil, tires, repairs (unless the need for such repairs was caused by the Company's own negligence), business taxes, insurance coverage as provided herein, workers' compensation assessments, licenses, vehicle registration renewal fees, base plates, and all highway, bridge and ferry tolls." Exhibit C (Current Agreement at Par. 3.3).

The Court should render unenforceable any potential waiver of damages available under the FLSA and NYLL, which could include costs that Plaintiffs have had to bear in their work—e.g., parking tickets, repairs, insurance, wear, and tear, etc., *See e.g.,* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.10 (prohibited deductions from employee wages for breakage, spoilage, losses); N.Y. Lab. Law § 193 (prohibiting certain deductions from wages); *Espinosa v. SNAP Logistics Corp.,* No. 17 CIV. 6383 (AT), 2018 WL 9563311, at *6 (S.D.N.Y. Apr. 3, 2018) ("waiver of punitive damages and equitable relief [is] unenforceable").

---

[1] The arbitrator may also determine he is bound by these clauses because the arbitrator under the Prior Agreement could be the same person who arbitrates disputes between the Soft Drink Workers Union, Local 812 I.B.T and the Defendant company. Exhibit B.

For the foregoing reasons, the Court should invalidate the subject arbitration clauses because "a clause such as this one that deprives an employee of any hope of meaningful relief, while imposing high costs on the employee, undermines the policies" that support the law. *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998) (referring to Title VII).

## 4. **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Reconsideration should be granted and Defendants' motions to compel arbitration and stay this action should be denied in its entirety.

Dated: Astoria, New York
        September 18, 2023

Signed,

By: _____/s/ *Clifford Tucker*_____
       Clifford Tucker, Esq.