UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TERENCE J. POLETTI, LEONARD COSTA,
CHRISTOPHER J. CHAPMAN, STEVEN NIEVES,
JOSEPH DISTASI, ARTHUR COMBS, MICHAEL
ASHTON, LEONARD CARLO, KIRK RODRIGUEZ,
STEVEN WEIDLER, MIGUEL MIELES, ROBERT
ELISEO, VINCENT CARRIERI, ABRAHAN
ROSARIO, MATTHEW DUNDIE, N. WILLIAM
GOOD, JEFFREY GOOD, NICK PURCELL, ANGEL
LOPEZ, GERARD AMITRANO, STEPHEN MARTIN,
THOMAS CAPRIOLA, GEORGE MURN, THOMAS
LEGOTTE, TERRENCE CARR, TERRENCE CARR
II, and MERYL WALDER AS THE EXECUTOR OF
THE ESTATE OF ALAN WALDER, on behalf of
themselves and all others similarly situated,

                          Plaintiffs,

- against -

PEPSI-COLA BOTTLING COMPANY OF
NEW YORK, INC., REGINALD GOINS, WILLIAM
W. WILSON, HAROLD HONICKMAN, JEFFREY
HONICKMAN, JOSEPH KLINGLER, SCOTT
ALLMERS, and JOSEPH HAYES,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:21-cv-07603-VSB

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S OPINION & ORDER DATED SEPTEMBER 6, 2023

EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
Attorneys for Defendants

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ..................................................................................................................................... 3

    A MOTION FOR RECONSIDERATION WHICH, AS HERE, MERELY REPEATS OLD ARGUMENTS THAT WERE PREVIOUSLY REJECTED, OR RAISES NEW ARGUMENTS THAT COULD HAVE BEEN RAISED PREVIOUSLY BUT WERE NOT, MUST BE DENIED ..................................................... 3

    1.    Plaintiffs' Argument That The Distributor Agreement "Pre-Determine[s]" The Outcome Of The Arbitration Was Previously Raised And Rejected, And Therefore Cannot Form The Basis Of A Motion For Reconsideration ......................................................................... 5

    2.    Plaintiffs Cannot Raise In A Motion For Reconsideration Arguments They Could Have Asserted In Prior Briefing But Chose Not To ............................................................................................................. 7

CONCLUSION .................................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Anwar v. Fairfield Greenwich Ltd.*,
   800 F. Supp. 2d 571 (S.D.N.Y. 2011)...................................................................................6

*Associated Press v. Dep't of Defense*,
   395 F. Supp. 2d 17 (S.D.N.Y. 2005)................................................................................6, 8

*Cho v. Blackberry Ltd.*,
   991 F.3d 155 (2d Cir. 2021)...............................................................................................8

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
   957 F. Supp. 2d 277 (S.D.N.Y. 2013).........................................................................4, 6, 8

*Elgalad v. N.Y.C. Dep't of Educ.*,
   No. 17-CV-4849 (VSB), 2019 WL 4805699 (S.D.N.Y. Sept. 30, 2019) ...........................4, 6

*EMA Financial LLC v. Joey New York Inc.*,
   No. 17-CV-9706 (VSB), 2022 WL 4611949 (S.D.N.Y. Sept. 30, 2022) .................................7

*Naiman v. N.Y.U. Hosp. Ctr.*,
   No. 95 Civ. 6469 (RPP), 2005 WL 926904 (S.D.N.Y. Apr. 21, 2005) .....................................8

*S.E.C. v. Collector's Coffee Inc.*,
   464 F. Supp. 3d 665 (S.D.N.Y. 2020)..............................................................................4, 7, 8

*Walsh v. Townsquare Media, Inc.*,
   565 F. Supp. 3d 400 (S.D.N.Y. 2021)...................................................................................4

**Statutes**

Fair Labor Standards Act ...........................................................................................1, 3, 5, 7

New York Labor Law .................................................................................................1, 3, 5, 7

**Other Authorities**

F.R.C.P. 41(a)(1)(A)(i) ....................................................................................................1

Local Civil Rule 6.3..................................................................................................3, 6, 7

**PRELIMINARY STATEMENT**

Defendants Pepsi-Cola Bottling Company of New York, Inc. ("PCNY"), Reginald Goins, William W. Wilson, Harold Honickman, Jeffrey Honickman, Joseph Klingler, Scott Allmers, and Joseph Haynes (collectively "Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' motion to reconsider the Court's Opinion & Order dated September 6, 2023.

On March 23, 2023, the operative Third Amended Complaint ("TAC") in this matter was filed by Plaintiffs, a group of 27 current and former beverage distributors who sold and distributed beverages in exclusive territories pursuant to Distributor Agreements with PCNY.[1] (*See* ECF No. 92.) Plaintiffs allege, on a putative class and collective basis, that the distributors and their corporate entities who entered into contractual agreements with PCNY were unlawfully classified as independent contractors, and instead should be reclassified as employees who are entitled to minimum wage, overtime, spread of hours pay, and other employment-based benefits under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and other New York statutory and common law.

Seventeen Named Plaintiffs operate(d) pursuant to Distributor Agreements with PCNY that took effect prior to January 4, 2021 (the "Prior Agreements"), which each include an arbitration clause requiring that "[a]ny and all disputes or disagreements between the Company and the Distributor concerning the interpretation of application of the provisions of this

---

[1] Plaintiffs' Third Amended Complaint asserts claims on behalf of 28 Named Plaintiffs, including Donna Magnussen as the Executor of the Estate of Richard Magnussen. On February 15, 2023, Ms. Magnussen filed a Notice of Voluntary Dismissal pursuant to F.R.C.P. 41(a)(1)(A)(i). (ECF. No. 86.) On April 23, 2023, the Court entered an order dismissing Ms. Magnussen's claims. (ECF No. 96.) Accordingly, there are currently 27 Named Plaintiffs.

1

Agreement, shall be determined in arbitration."[2]  (*See* ECF No. 99-2, July 28, 1984 Agreement at Paragraph Eighth.)  The remaining eleven Named Plaintiffs operate(d) pursuant to Distributor Agreements with PCNY that became effective January 4, 2021 (the "Current Agreements").  The Current Agreements each include a clause stating that "[a]ny dispute or claim . . . arising out of, or, in connection with this Agreement or the relationship of the parties . . . shall, upon written request of either party, be resolved by arbitration as provided herein." (*See* ECF No. 99-4, Ex. 19, ¶ 23.1.)  This includes, but is "not limited to," disputes concerning the Agreement's "terms and interpretation thereof," and "statutory and common law claims arising under federal, New York State and New York City laws pertaining, but not limited to, . . . wage and hour requirements (including, but not limited to, misclassification claims)." (*Id.*)

Pursuant to both Agreements' arbitration clauses, Defendants filed two motions to compel arbitration (one applicable to the Plaintiffs operating under the Prior Agreements, and one applicable to the Plaintiffs operating under the Current Agreements) on September 16, 2022 (ECF Nos. 64 and 67).  On November 28, 2022, Plaintiffs opposed both motions (ECF Nos. 74 and 75) arguing, *inter alia*, that the scope of the Prior Agreement's arbitration clause "is narrow and excludes a misclassification case." (Pls' Opp. to Motion to Compel, ECF No. 74, at 24.)  On December 12, 2022, Defendants filed replies in support of both motions to compel (ECF Nos. 80 and 81), countering Plaintiffs' argument and asserting that, because Plaintiffs' misclassification claim "involves the 'interpretation of application' of a provision of the Distributor Agreement, *i.e.*, the independent contractor clause, the dispute *must* be resolved by arbitration." (Defs' Reply in Support of Motion to Compel, ECF No. 81, at 15.)

---

[2] This clause is identical across the Prior Agreements, with the exception of the phrase "interpretation of application," which in some Agreements reads "interpretation or application."  The Court has "interpret[ed] both of these phrases to have the same meaning." Sept. 6, 2023 Opinion & Order at 10, n.5 (ECF No. 97).

On September 6, 2023, this Court granted Defendants' motions to compel arbitration, expressly rejecting Plaintiffs' argument regarding the scope of the arbitration clause. In its Opinion & Order, the Court held that "[t]he language of the arbitration provisions in both the Prior Agreements and the Current Agreements is quite broad," and "includes the dispute at issue in this litigation." (Opinion & Order, ECF No. 97, at 10.)

Plaintiffs now move for reconsideration, claiming the Court "overlooked" sections of the Distributor Agreements that Plaintiffs assert "would prevent Plaintiffs from vindicating their substantive rights under the FLSA and NYLL in arbitration." (Pls' Motion for Reconsideration, ECF No. 99, at 6.) Specifically, Plaintiffs argue that they cannot prevail on their misclassification claim or obtain all available damages under the FLSA and NYLL via arbitration because the Distributor Agreement: (i) both classifies distributors as independent contractors and prohibits the arbitrator from amending the terms of the Agreement, "pre-determining" the outcome, and (ii) prohibits the arbitrator from awarding "special, incidental or consequential damages (including, but not limited to, loss of profits)" and requires Plaintiffs to bear all expenses associated with their work. (Pls' Motion for Reconsideration, ECF No. 99, at 6-8.) Because Plaintiffs' first argument was raised and rejected in the prior briefing on Defendants' motions to compel arbitration, and their second argument could have been asserted then but was not, Plaintiffs' motion for reconsideration must be denied.

## ARGUMENT

### A MOTION FOR RECONSIDERATION WHICH, AS HERE, MERELY REPEATS OLD ARGUMENTS THAT WERE PREVIOUSLY REJECTED, OR RAISES NEW ARGUMENTS THAT COULD HAVE BEEN RAISED PREVIOUSLY BUT WERE NOT, MUST BE DENIED

"The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 'is strict, and reconsideration will generally be denied unless the moving party can point to

3

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 311 (S.D.N.Y. 2013) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *S.E.C. v. Collector's Coffee Inc.*, 464 F. Supp. 3d 665, 667 (S.D.N.Y. 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).  "The Second Circuit has held that '[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Plaintiffs have made no such showing here.

Courts in this district have consistently held that a motion for reconsideration "is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *City of Austin Police Ret. Sys.*, 957 F. Supp. 2d at 312 (citation omitted).  As this Court has held, "[m]ere disagreement with this Court's interpretation and analysis of the facts pled is not an appropriate ground for reconsideration." *Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-CV-4849 (VSB), 2019 WL 4805699, at *4 (S.D.N.Y. Sept. 30, 2019).  Where, as here, "the motion 'merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied.'" *Walsh v. Townsquare Media, Inc.*, 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021).

1. **Plaintiffs' Argument That The Distributor Agreement "Pre-Determine[s]" The Outcome Of The Arbitration Was Previously Raised And Rejected, And Therefore Cannot Form The Basis Of A Motion For Reconsideration**

Plaintiffs argue that their motion for reconsideration should be granted because the Court "overlooked" applicable provisions of the Distributor Agreement which "pre-determin[e] that Plaintiffs are 'independent contractors' and not 'employees,' and contractually prohibit[] an arbitrator from modifying that provision," leaving Plaintiffs "unable to vindicate their rights under the FLSA and NYLL." (Pls' Motion for Reconsideration, ECF No. 99, at 7.) This argument, however, was raised by Plaintiffs in their previous briefing, and expressly rejected by this Court.

In their opposition to Defendants' motion to compel arbitration under the Prior Agreements, Plaintiffs raised the same argument they are attempting to assert now, in arguing that the Prior Agreements' arbitration clause did not encompass misclassification claims. Plaintiffs argued:

> In this case, the Agreement states, "the Distributor in his or its relation to the Company shall at all times be an independent agent and neither the Distributor nor his or its employees shall under any circumstances be deemed to be an employee of the company." ECF No. 66-1 to 21; Defts' Ex. 1-21. It also states, "in no event shall the arbitrator have power to alter or amend the terms of this agreement." *Id.* In a misclassification case, the arbitrator must decide whether Plaintiffs are, in fact, "employees." Deciding they are employees would violate the prohibition against changing terms of the Agreement. There is no way to reconcile that inconsistency unless the arbitration clause excludes misclassification claims.

(Pls' Opp. to Motion to Compel, ECF No. 74, at 28-29.)

In their reply in support of their motion to compel, Defendants refuted this argument, stating:

> While Plaintiffs correctly note that the arbitrator cannot *change* the terms of the parties' Agreement, they fail to acknowledge that determining whether the independent contractor provision set forth in Paragraph 17 of the parties' Distributor Agreement "applies" to Plaintiffs is precisely what the arbitration provision contemplates. Because Plaintiffs' misclassification claim involves the "interpretation of application" of a provision of the Distributor Agreement, *i.e.*, the independent contractor clause, the dispute *must* be resolved by arbitration.

5

(Defs' Reply in Support of Motion to Compel, ECF No. 81, at 10-11.)

Far from "overlooking" Plaintiffs' prior argument regarding the scope of the arbitration clause, this Court expressly "disagree[d]" with it, holding that "[t]he language of the arbitration provisions in both the Prior Agreements and the Current Agreements is quite broad," and "includes the [misclassification] dispute at issue in this litigation."[3] (Opinion & Order, ECF No. 97, at 9-10.) Where, as here, the Court has already considered and rejected an argument, "[m]ere disagreement with this Court's interpretation and analysis of the facts pled is not an appropriate ground for reconsideration." *Elgalad*, 2019 WL 4805669, at *4 (holding "[a] Rule 6.3 motion 'is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved'") (citation omitted). *See also City of Austin Police Ret. Sys.*, 957 F. Supp. 2d at 315 ("There is no basis for the Court to reconsider its conclusion, where defendants merely take issue with the Court's ruling."); *Associated Press v. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (denying motion for reconsideration because "[t]he Court did not overlook this argument; it rejected it").

A motion for reconsideration "is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 573 (S.D.N.Y. 2011) (citation omitted). Thus, as this Court previously held in a similar case, "[b]ecause [Plaintiffs] offer substantially the same argument[] they have argued in the past and on which [the Court has] already issued decisions, the arguments presented in their motion for

---

[3] The Current Agreement includes language comparable to that quoted above from the Prior Agreement, classifying Plaintiffs as independent contractors and prohibiting the arbitrator from amending the Agreement. (*See* Motion for Reconsideration, ECF No. 99, at 7-8.) While Plaintiffs did not expressly raise the scope of the arbitration clause in its previous briefing regarding the Current Agreement, the Court ruled that the arbitration clauses of both the Prior Agreement and the Current Agreement encompass Plaintiffs' misclassification claim, rendering this an issue that has already been considered and decided, and therefore inappropriate for reconsideration. (Opinion & Order, ECF No. 97, at 9-10.) In the alternative, the scope of the Current Agreement's arbitration clause is an issue Plaintiffs could have raised in their previous briefing but chose not to, rendering it equally improper on a motion for reconsideration. *See* Section 2, *infra*.

6

reconsideration are . . . improper and warrant denial of the motion." *EMA Financial LLC v. Joey New York Inc.*, No. 17-CV-9706 (VSB), 2022 WL 4611949, at *3 (S.D.N.Y. Sept. 30, 2022) (holding movants "may not have a second bite at the apple in a thinly veiled attempt to relitigate an issue that [the Court previously] resolved").

### 2. Plaintiffs Cannot Raise In A Motion For Reconsideration Arguments They Could Have Asserted In Prior Briefing But Chose Not To

Plaintiffs further argue that they cannot fully vindicate their statutory rights under the FLSA and NYLL via arbitration because the Current Agreement "require[es] the Plaintiffs to bear all expenses associated with their work," and prohibits the arbitrator from awarding "special, incidental or consequential damages (including, but not limited to, loss of profits)." (Pls' Motion for Reconsideration, ECF No. 99, at 8.) Even if it were accurate that these provisions prohibit Plaintiffs from fully vindicating their statutory rights,[4] because Plaintiffs failed to raise this argument in their prior briefing, they cannot assert this claim on a motion for reconsideration.

"[A] party is 'barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.'" *Collector's Coffee Inc.*, 464 F. Supp. 3d at 668 (citation omitted). "In other words, ''a party may not advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.'" *Id.* (citation omitted). This is because "the purpose of Local Rule

---

[4] As with their previous argument regarding the independent contractor provision, Plaintiffs appear to misunderstand the scope of the arbitration clause and the corresponding role of the arbitrator. The Current Agreement expressly states that the arbitration clause applies to federal and New York statutory claims regarding "wage and hour requirements (including, but not limited to, misclassification claims)." (ECF No. 99-4, Ex. 19, ¶ 23.1.) While, as with the Prior Agreement, "[t]he arbitrator shall not have the authority to alter, modify or amend the terms of this Agreement," (*id.*), it is well within the scope of the arbitrator's duties to determine whether various provisions of the Current Agreement apply to Plaintiffs. Should the arbitrator determine that Plaintiffs were, in fact, misclassified, clearly the provision of the Current Agreement designating them as independent contractors would not apply. Presumably, the arbitrator would similarly deem any contractual provisions that violate the wage and hour provisions of the FLSA or NYLL inapplicable if Plaintiffs were found to be employees, and Plaintiffs would be fully capable of vindicating their statutory rights.

6.3 is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Naiman v. N.Y.U. Hosp. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (citation omitted). Accordingly, courts in this district have consistently held that arguments that were "not before the Court on the initial motion . . . cannot provide the basis for a motion for reconsideration." *Id.* at *3. *See also City of Austin Police Ret. Sys.*, 957 F. Supp. 2d at 315 (holding that, "[b]ecause defendants could have raised this argument in moving to dismiss but did not do so, they may not do so" on motion for reconsideration, and such argument is "waived").

Plaintiffs' argument regarding the remedies available under the Current Agreement does not rely on new evidence, and could therefore have been asserted in Plaintiffs' previous briefing. Because Plaintiffs "chose not to do so," they are "barred" from raising this argument in their motion for reconsideration. *Collector's Coffee Inc.*, 464 F. Supp. 3d at 668 (citation omitted). *See also Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (holding motion for reconsideration was properly denied when it was based on evidence that "was readily available at the time of the earlier briefing" but not submitted at that time); *Associated Press*, 395 F. Supp. 2d at 20 (finding "improperly mak[ing] a new argument" in a motion for reconsideration constitutes "clear waiver"). Accordingly, because Plaintiffs' motion for reconsideration is based on arguments they could have raised in previous briefing, but failed to do so, such motion must be denied.

## **CONCLUSION**

Plaintiffs' motion for reconsideration is improperly based on: (i) an argument that Plaintiffs raised, and the Court rejected, in the previous briefing in this matter, and (ii) an argument Plaintiffs could have raised in their previous briefing, but chose not to. Because neither type of argument can support a motion for reconsideration, and Plaintiffs failed to produce any new evidence or

Case 1:21-cv-07603-VSB   Document 100   Filed 10/02/23   Page 12 of 12

change in controlling law that would justify reconsideration, Defendants respectfully request that Plaintiffs' motion for reconsideration be denied.

| | |
|---|---|
| Dated: Newark, New Jersey<br>October 2, 2023 | EPSTEIN BECKER & GREEN, P.C.<br><br>By: */s/ Patrick G. Brady*<br>Patrick G. Brady<br><br>875 Third Avenue<br>New York, New York  10022<br>(212) 351-4500<br><br>and<br><br>One Gateway Center, 13th Floor<br>Newark, New Jersey  07102<br>pbrady@ebglaw.com<br>(973) 642-1900<br>*Attorneys for Defendants* |

9