UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERENCE POLETTI, LEONARD COSTA, CHRISTOPHER J. CHAPMAN, STEVEN NIEVES, JOSEPH DISTASI, ARTHUR COMBS, MICHAEL ASHTON, LEONARD CARLO, KIRK RODRIGUEZ, STEVEN WEIDLER, MIGUEL MIELES, ROBERT ELISEO, VINCENT CARRIERI, ABRAHAN ROSARIO, MATTHEW DUNDIE, N. WILLIAM GOOD, JEFFREY GOOD, NICK PURCELL, ANGEL LOPEZ, GERARD AMITRANO, STEPHEN MARTIN, THOMAS CAPRIOLA, GEORGE MURN, THOMAS LEGOTTE, TERENCE CARR, TERENCE CARR II, and MERYL WALDER AS THE EXECUTOR OF THE ESTATE OF ALAN WALDER, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>-against-<br><br>PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC., REGINALD GOINS, WILLIAM W. WILSON, HAROLD HONICKMAN, JEFFREY HONICKMAN, JOSEPH KLINGLER, SCOTT ALLMERS, and JOSEPH HAYES,<br><br>    Defendants. | Case No.: 1:21-cv-07603-VSB |

**MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S OPINION & ORDER DATED SEPTEMBER 6, 2023**

SACCO & FILLAS LLP
Clifford Tucker, Esq.
31-19 Newtown Ave., 7Th Floor
Astoria, New York 11104
Ph: 718-269-2243
CTucker@SaccoFillas.com

1

# **TABLE OF CONTENTS**

1. PRELIMINARY STATEMENT ------------------------------------------------------------------------- 5

2. ADDITIONAL RELEVANT FACTS ------------------------------------------------------------------ 6

3. ARGUMENT ------------------------------------------------------------------------------------------------ 6

    3.1. The Supreme Court's Decision in *BISSONNETTE*, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL. Will Bear Directly on The Order Compelling Arbitration and Reconsideration. ------------------------------------------------------------------------------------------- 7

    3.2. This Court Should Stay the Proceedings and its Reconsideration and Allow Parties to Submit Supplemental Memoranda After the Supreme Court's Resolution of *BISSONNETTE*, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL. ----------------------------------------- 9

    3.3. Defendants Conceded the Court did not Address Whether the Arbitrator is Restricted, by Contract, from Deciding that Plaintiffs are Employees and Prohibiting Recovery of Damages. --11

    3.4. This Court Should Consider New Arguments in Reply Regarding *BISSONNETTE*, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL because There is no Strict Rule Prohibiting the Consideration of this Uncommon Development, and this Court may Permit a Surreply to Address New Arguments. ----------------------------------------------------------------------- 12

4. CONCLUSION -------------------------------------------------------------------------------------------- 14

# **TABLE OF AUTHORITIES**

### CASES

*Adult Use Holdings Inc. v. FaZe Clan Inc.*, 631 F. Supp. 3d 174, 184 (S.D.N.Y. 2022) ---------------------12

*Allstar Mktg. Grp., LLC v. akrondh*, No. 21-CV-3621 (JPO), 2022 WL 17324939, at *1 (S.D.N.Y. Nov. 29, 2022).-------------------------------------------------------------------------------------------------------10

*Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013)------------------------------------------------11

*Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F.Supp.2d 373, 375 (S.D.N.Y.2009) aff'd, 374 F. App'x 71 (2d Cir.2010) -----------------------------------------------------------------------------------------13

*Attia v. Neiman Marcus Grp., Inc.*, No. SACV160504DOCFFMX, 2017 WL 8236289 (C.D. Cal. June 20, 2017)-----------------------------------------------------------------------------------------------------------10

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)---------------------------------12

*Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655 (2d Cir. 2022), *cert. granted sub nom. BISSONNETTE, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL.*, No. 23-51, 2023 WL 6319660 (U.S. Sept. 29, 2023)------------------------------------------------------------------------------- 7

*Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 667 (2d Cir. 2022), *cert. granted sub nom. BISSONNETTE, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL.*, No. 23-51, 2023 WL 6319660 (U.S. Sept. 29, 2023) (Pooler, J. dissenting).------------------------------------------- 8

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ----------------------------------------------------11

*Carter v. U.S.*, No. 1:06–225, 2007 WL 2439500, at *3 (D.Vt. Aug. 23, 2007) --------------------------- 9

*Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) and *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005)-----------------------------------------------------------------------12

*Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 508 (S.D.N.Y. 2019) ---------------------- 9, 11

*Dist. Photo Inc. v. Pyrros*, No. 13CV4285JFBSIL, 2016 WL 5407869 (E.D.N.Y. Sept. 28, 2016) -------10

*Espinosa v. SNAP Logistics Corp.*, No. 17 CIV. 6383 (AT), 2018 WL 9563311, at *6 (S.D.N.Y. Apr. 3, 2018) --------------------------------------------------------------------------------------------------------------11

*Est. of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065, at *2 (S.D.N.Y. Oct. 17, 2012) ---------------------------------------------------------------------------------- 9

*Goldstein v. Time Warner N.Y. City Cable Group*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998)----------------- 9

*In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996). ----------------11

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016) -----------------------------------14

*In re Young*, 191 F.3d 458 (7th Cir. 1999) --------------------------------------------------------------------10

*Jugmohan v. Zola*, No. 98–1509(DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) -------------- 9

*Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)--------------------------------14

*Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111 (2d Cir. 2010), *affirmed in* 569 U.S. 108, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) -----------------------------------------------------------------------------10

*Leslie v. Thompson Reuters Corp.*, No. 22 CIV. 07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023)-----------------------------------------------------------------------------------------------------------10

*Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) ----------------------------------- 6, 10, 11

*Lopez v. Am. Express Bank, FSB*, No. CV 09-07335 SJO MANX, 2010 WL 3637755, at *3 (C.D. Cal. Sept. 17, 2010)-----------------------------------------------------------------------------------------------------10

*Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir.1977)----------------------------------------------- 9

*Mitsubishi Motors Corp.*, 473 U.S. at 637 (1985) ----------------------------------------------------------------11

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003)--------------------------------------------------------------------------------------------------14

*Redzepagic v. Hammer*, No. 14 CIV. 9808 (ER), 2017 WL 780809, at *3 (S.D.N.Y. Feb. 27, 2017). ---12

*Sacchi v. Verizon Online LLC,* No. 14-CV-423 RA, 2015 WL 1729796, at *1 (S.D.N.Y. Apr. 14, 2015) -------------------------------------------------------------------------------------------------------------------------13

*Schwartz v. Liberty Mut. Ins. Co.,* 539 F.3d 135, 153-54 (2d Cir. 2008) --------------------------------------14

*Setarehshenas v. Nat'l Comm'n on Certification of Physician Assistants*, 437 F. Supp. 3d 214, 220 (E.D.N.Y. 2018) ---------------------------------------------------------------------------------------------------------12

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153-54 (2d Cir. 2008)-------------------------------------------------------------------------------10

*Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) -------------------------------------- 9, 10

*Tamara B. v. Berryhill*, No. 5:14-CV-156, 2018 WL 3458355 (D. Vt. July 18, 2018) ---------------------- 9

*United States v. Valdez,* No. 20-CR-115 (ALC), 2021 WL 5920829, at *1 (S.D.N.Y. Dec. 15, 2021) --13

## S<span style="font-variant:small-caps">tatutes</span>

9 U.S.C. § 1 ------------------------------------------------------------------------------------------------------- 5, 6, 7

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.10------------------------------------------------------------11

N.Y. Lab. Law § 193 -------------------------------------------------------------------------------------------------12

NY R USDCTS&ED Civ Rule 6.3 -------------------------------------------------------------------------------13

## O<span style="font-variant:small-caps">ther</span> A<span style="font-variant:small-caps">uthorities</span>

*Neal BISSONNETTE and Tyler Wojnarowski, on behalf of themselves and all others similarly situated, Petitioners, v. LEPAGE BAKERIES PARK ST., LLC, C.K. Sales Co., LLC, and Flowers Foods, Inc., Respondents.*, 2023 WL 4680058 (U.S.), i------------------------------------------------------------------- 6

1. **PRELIMINARY STATEMENT**

Plaintiffs moved for a stay pending the Supreme Court's decision in *BISSONNETTE, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL.,* No. 23-51, 2023 WL 6319660 (U.S. Sept. 29, 2023) (opinion granting cert) and further requested an order for the parties to provide supplemental memoranda addressing the impact of the expected Supreme Court's *BISSONNETTE* decision on the present case and on reconsideration. ECF No. 101, 102.

Out of abundant caution and to avoid risk of waiver, Plaintiffs submit this memorandum of law in reply and respectfully request that the Court grant such other and further relief as is just and proper, which includes granting the stay motion and ordering the parties to submit supplemental memoranda addressing the impact of the expected Supreme Court's *BISSONNETTE* decision on reconsideration. ECF No. 101, 102.

The Supreme Court granted certiorari in the outcome-determinative case, *BISSONNETTE, NEAL, ET AL.* No. 23-51, 2023 WL 6319660, before full submission of the motion for reconsideration. The complete argument for a stay is more fully addressed in Plaintiffs' separate motion for a stay. ECF No. 101, 102. In summary, the Court should stay the proceedings and order the parties to submit supplemental memoranda after the Supreme Court decides *BISSONNETTE* concerning its impact on reconsideration because failing to do so risks misinterpreting the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., and prejudicing Plaintiffs who may be exempt under 9 U.S.C. § 1. Moreover, a stay pending a Supreme Court determination aligns with Second Circuit norms, promotes efficiency, avoids conflicting decisions, and benefits nonparties by helping them make informed decisions about the merits of their individual claims. Mere delay from a stay would not unduly prejudice the Defense. There is no adverse public interest in reconsideration after the Supreme Court resolves a central question in this case. *See Loftus v. Signpost Inc.,* 464 F. Supp. 3d 524,

526 (S.D.N.Y. 2020) (listing factors for stay and granting stay where pending Supreme Court case would affect outcome).

The Court should grant the motion to stay and order supplemental memoranda after the Supreme Court decides *BISSONNETTE*.

## 2. ADDITIONAL RELEVANT FACTS

On September 6, 2023, this Court issued its opinion & order granting Defendants' motions to compel arbitration pursuant to the FAA. ECF No. 97 (order); ECF No 64 (notice of motion to compel arbitration); ECF No. 67 (notice of motion to compel arbitration). On September 18, 2023, Plaintiffs filed the instant motion for reconsideration. ECF No. 98. On September 29, 2023, the United States Supreme Court granted certiorari in *BISSONNETTE, NEAL, ET AL.* No. 23-51, 2023 WL 6319660 (opinion granting cert), which may modify or reverse Second Circuit precedent that existed at the time the motions to compel arbitration were submitted.

## 3. ARGUMENT

The Supreme Court's decision in *BISSONNETTE* will bear directly on the order compelling arbitration and reconsideration because the question presented to the Supreme Court is whether distributor-plaintiffs, like those at bar, are exempt from the FAA's coverage. 9 U.S.C. § 1. As shown more fully in Plaintiffs' motion for a stay, this Court should stay the proceedings and reconsideration and allow the parties to submit supplemental memoranda after the Supreme Court decides *BISSONNETTE*. ECF No. 101 and 102. Furthermore, Defendants tacitly conceded that the Court did not address whether the Distributorship Agreements restrict the arbitrator from awarding damages under the FLSA and NYLL. The Court should allow new argument in reply regarding the Supreme Court's decision to grant certiorari in *BISSONNETTE* because there is no strict rule prohibiting new argument considering this rare development that warrants reconsideration and the Court may permit surreply to address a new argument and avoid prejudice.

**3.1. The Supreme Court's Decision in *BISSONNETTE*, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL. Will Bear Directly on The Order Compelling Arbitration and Reconsideration.**

A Supreme Court decision in *BISSONNETTE* will bear directly on the FAA, on which this Court relied to compel arbitration, Second Circuit precedent interpreting the FAA, and on the motion for reconsideration at bar because the question presented in *BISSONNETTE* concerns whether distributors, like the Plaintiffs at bar, fall within an exemption to the FAA that excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. If the Supreme Court in *BISSONNETTE* determines that distributor-plaintiffs are exempt from the FAA, then a motion to reconsider should be granted because that exemption would cover Plaintiffs in this action.

Plaintiffs at bar would fall under the same exemption to the FAA as plaintiffs in *Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655 (2d Cir. 2022), *cert. granted sub nom. BISSONNETTE, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL.*, No. 23-51, 2023 WL 6319660 (U.S. Sept. 29, 2023) because Plaintiffs would be within the "class of workers engaged in foreign or interstate commerce" whose "contracts of employment" are exempt from the FAA. 9 U.S.C. § 1. Like the Plaintiffs at bar, who "are all current or former distributors of Pepsi Co.'s products," and who "operated pursuant to [distributor] agreements" ECF No. 97, the *BISSONNETTE* Plaintiffs "deliver baked goods by truck to stores and restaurants in designated territories" pursuant to distributor agreements. *Id.* Like the Plaintiffs here, who sued the Pepsi bottler that makes soft drinks which Plaintiffs deliver, the *BISSONNETTE* plaintiffs sued the maker of baked goods that *Bissonnette* plaintiffs deliver. *Id.* Like Plaintiffs here, the *BISSONNETTE* plaintiffs "allege unpaid or withheld wages, unpaid overtime wages, and unjust enrichment pursuant to the Fair Labor Standards

7

Act and Connecticut wage laws." *Id.*; ECF No. 92.[1] Like the Court here, the *BISSONNETTE* district court compelled arbitration and Plaintiffs appealed. *Id.*

The Second Circuit affirmed the district court and held "because the plaintiffs do not work in the transportation industry, they are not excluded from the FAA." *Bissonnette*, 49 F.4th 655, 662, *cert. granted sub nom. BISSONNETTE, NEAL, ET AL* No. 23-51, 2023 WL 6319660. The dissent acknowledged a circuit split on whether truck drivers are exempt from the FAA as "transportation workers," and stated, "when we first considered this case a few months ago, I thought the answer was clear: Of course, these truckers are transportation workers" and therefore exempt from the FAA. *Bissonnette*, 49 F.4th 655, 662, *cert. granted sub nom. BISSONNETTE, NEAL, ET AL* No. 23-51, 2023 WL 6319660 (Pooler, J. dissenting).

The successful petition for a writ of certiorari to the Supreme Court in *BISSONNETTE* presented this question: "to be exempt from the Federal Arbitration Act, must a class of workers that is actively engaged in interstate transportation also be employed by a company in the transportation industry?" and began, "are truck drivers transportation workers? That question may seem unlikely to provoke serious disagreement. But in the context of the Federal Arbitration Act's transportation-worker exemption, it has split the circuits." *Neal BISSONNETTE and Tyler Wojnarowski, on behalf of themselves and all others similarly situated, Petitioners, v. LEPAGE BAKERIES PARK ST., LLC, C.K. Sales Co., LLC, and Flowers Foods, Inc., Respondents.*, 2023 WL 4680058 (U.S.), i. The question is outcome-determinative in the case at bar.

If the Supreme Court determines in *BISSONNETTE* that distributor-plaintiffs are "transportation workers," then it would modify or reverse the Second Circuit, establish that the distributor-plaintiffs, like those in the case at bar, are exempt from the FAA, and warrant a reconsideration of the Court's order compelling arbitration under the FAA. ECF. No. 97.

---

[1] In the case at bar, Plaintiffs alleged violations of New York state wage law as well as the FLSA.

8

### 3.2. This Court Should Stay the Proceedings and its Reconsideration and Allow Parties to Submit Supplemental Memoranda After the Supreme Court's Resolution of *BISSONNETTE*, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL.

For the reasons herein, and as more fully set forth in Plaintiffs' motion for a stay, this Court should stay this action pending the outcome of *BISSONNETTE* and order the parties to submit supplemental memoranda after the Supreme Court renders a decision.

When the Supreme Court grants certiorari in a case with potential outcome-altering significance, it justifies staying further review and requesting supplemental memoranda for reconsideration. *See Est. of Heiser v. Deutsche Bank Tr. Co. Americas,* No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065, at *2 (S.D.N.Y. Oct. 17, 2012) (string citing cases granting stays where outcome-determinative other actions were pending); *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (*citing Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir.1977) (instructing the district court to stay the proceedings pending a Supreme Court decision in a closely related case which was likely to determine the question of liability); *Carter v. U.S.,* No. 1:06–225, 2007 WL 2439500, at *3 (D.Vt. Aug. 23, 2007) ("common practice in this Circuit to postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court."); *Jugmohan v. Zola,* No. 98–1509(DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) ("[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy.")); *Goldstein v. Time Warner N.Y. City Cable Group*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998) (staying case involving a controversial FCC regulation to allow the D.C. Court of Appeals to determine the validity of regulation); *Tamara B. v. Berryhill*, No. 5:14-CV-156, 2018 WL 3458355 (D. Vt. July 18, 2018) (staying action pending final decision in Supreme Court case); *Owens v. Comm'r*, 49 T.C.M. (CCH) 1101 (T.C. 1985 (delaying motion for reconsideration until supreme court rendered decision in case on which the tax court relied); *Delgado v. NJ Transit Rail Operations, Inc.,* 329 F.R.D. 506, 508 (S.D.N.Y. 2019); *In re Young*, 191 F.3d 458 (7th

9

Cir. 1999) (staying proceedings before Supreme Court determination); *Attia v. Neiman Marcus Grp., Inc.*, No. SACV160504DOCFFMX, 2017 WL 8236289 (C.D. Cal. June 20, 2017) (same); *Lopez v. Am. Express Bank, FSB*, No. CV 09-07335 SJO MANX, 2010 WL 3637755, at *3 (C.D. Cal. Sept. 17, 2010); *Loftus*, 464 F. Supp. 3d at 526; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153-54 (2d Cir. 2008) (affirming district court's reconsideration to correct application of the wrong legal standard); *Dist. Photo Inc. v. Pyrros*, No. 13CV4285JFBSIL, 2016 WL 5407869 (E.D.N.Y. Sept. 28, 2016) (granting motion for reconsideration where Supreme Court abrogated Second Circuit case on which district court relied).

Like the present case, the *Sikhs for Just* court faced a motion for reconsideration when the defendant sought a stay pending the Supreme Court's decision in an outcome-determinative case, *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111 (2d Cir. 2010), *affirmed in* 569 U.S. 108 (2013). *Sikhs for Just* established that "a stay is appropriate, even if the issues in such proceedings do not necessarily control the ongoing action." *Sikhs for Just.*, 893 F. Supp. 2d at 622. This Court should follow the reasoning in *Sikhs for Just*, and the cases referenced hereinabove, and stay the proceedings pending the *BISSONNETTE* decision.

Moreover, all factors warrant a stay. *Loftus*, 464 F. Supp. 3d at 526 (listing factors to weigh on motion for stay and granting stay where consequential Supreme Court decision was pending). First, Plaintiffs "asserted that the stay is in line with [their] private interests." *Allstar Mktg. Grp., LLC v. akrondh*, No. 21-CV-3621 (JPO), 2022 WL 17324939, at *1 (S.D.N.Y. Nov. 29, 2022). Second, a stay-induced delay does not unfairly prejudice Defendants; "while a stay may delay resolution of the pending motion, delay does not, without more result in undue prejudice." *Leslie v. Thompson Reuters Corp.*, No. 22 CIV. 07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023). Third, a stay serves the Court's interest; "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the

interest of judicial economy." *Loftus*, 464 F. Supp. 3d at 526. "A stay will best serve the interests of the courts by promoting judicial efficiency and 'minimiz[ing] the possibility of conflicts between different courts" and proceedings. *Delgado*, 329 F.R.D. at 508. Fourth, nonparties benefit from a stay; "to the extent the [higher court] clarifies the governing law, third party claimants will be able to make more informed determinations about the merits of their individual claims." *Est. of Heiser*, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065, at *6. Fifth, public interest would be served by following Supreme Court guidance. "Having concluded that this is not a frivolous appeal, no adverse public interest will be implicated by an order which stays" the action. *In re Country Squire Assocs. of Carle Place, L.P.,* 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996).

### 3.3. Defendants Conceded the Court did not Address Whether the Arbitrator is Restricted, by Contract, from Deciding that Plaintiffs are Employees and Prohibiting Recovery of Damages.

Plaintiffs respectfully note that the Court did not address that the Distributor Agreements prohibit an arbitrator from awarding all damages. Finding that the arbitration provisions are broad and encompass the misclassification dispute in this litigation (Opinion & Order, ECF No. 97, at 9-10) does not address clauses prohibiting the arbitrator from altering the Agreement's classification of Plaintiffs as "independent contractors." In footnote 4, Defendants concede that it falls within the arbitrator's duties to determine the applicability of various provisions of the Agreement to Plaintiffs. This acknowledgment highlights the risk that the clause unlawfully bars damages.

The parties cannot contract away substantive rights. *Espinosa v. SNAP Logistics Corp.,* No. 17 CIV. 6383 (AT), 2018 WL 9563311, at *6 (S.D.N.Y. Apr. 3, 2018) ("waiver of punitive damages and equitable relief [is] unenforceable"); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (disallowing contract where employee waived statutory damages); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013) (*citing Mitsubishi Motors Corp.*, 473 U.S. at 637 (1985) (discussing the effective vindication exception); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.10 (prohibited deductions

from employee wages for breakage, spoilage, losses); N.Y. Lab. Law § 193 (prohibiting certain deductions from wages).

"The FLSA places strict limits on an employee's ability to waive claims for fear that employers would coerce employees into settlement and waiver." *Redzepagic v. Hammer*, No. 14 CIV. 9808 (ER), 2017 WL 780809, at *3 (S.D.N.Y. Feb. 27, 2017). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (*citing Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (*quoting Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Accordingly, any provision waiving damages should be a legal nullity. The motion to reconsider should be granted.

### 3.4. This Court Should Consider New Arguments in Reply Regarding *BISSONNETTE, NEAL, ET AL. v. LePAGE BAKERIES PARK ST., ET AL* because There is no Strict Rule Prohibiting the Consideration of this Uncommon Development, and this Court may Permit a Surreply to Address New Arguments.

This Court should consider new argument in reply regarding the Supreme Court's decision to grant certiorari in *BISSONNETTE*. "While it is true that [i]ssues raised for the first time in a reply brief are generally deemed waived, there is no hard-and-fast rule that prohibits courts from considering such last-minute issues." *Adult Use Holdings Inc. v. FaZe Clan Inc.,* 631 F. Supp. 3d 174, 184 (S.D.N.Y. 2022) (*citing Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) and *Ruggiero v. Warner-Lambert Co.,* 424 F.3d 249, 252 (2d Cir. 2005) (holding the district court had discretion to consider an issue first raised in reply papers)). "A court has wide discretion to consider arguments raised for the first time on reply." *Setarehshenas v. Nat'l Comm'n on Certification of Physician Assistants*, 437 F. Supp. 3d 214, 220 (E.D.N.Y. 2018).

There would be no prejudice in granting a stay and ordering supplemental memoranda following the Supreme Court's decision and this Court may afford Defendants "the opportunity to file a surreply in response to Plaintiff's new argument." *Sacchi v. Verizon Online LLC,* No. 14-CV-423

12

RA, 2015 WL 1729796, at *1 (S.D.N.Y. Apr. 14, 2015) (*citing Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F.Supp.2d 373, 375 (S.D.N.Y.2009) aff'd, 374 F. App'x 71 (2d Cir.2010) ("Second Circuit has made it abundantly clear that a district court has discretion to consider a belatedly raised argument")).

The new argument is not from lack of diligence. *See United States v. Valdez,* No. 20-CR-115 (ALC), 2021 WL 5920829, at *1 (S.D.N.Y. Dec. 15, 2021) (excusing late motion to reconsider which was filed on the day the Second Circuit issued an opinion changing controlling law). Plaintiffs promptly sought reconsideration and "such other and further relief as this Court deems just and proper," which should encompass the instant new argument. Plaintiffs could not have initially requested reconsideration based on the Supreme Court's grant of certiorari because the motion deadline was September 20, 2023, while the Supreme Court granted certiorari in *BISSONNETTE* on September 29, 2023. ECF No. 97 (court order granting motions to compel on September 6, 2023); NY R USDCTS&ED Civ Rule 6.3 (motion to reconsider due 14 days after Court's determination of motion, i.e., September 20, 2023).[2] The new argument for reconsideration and relief is properly raised now and is a sufficient basis to stay reconsideration.

Allowing new arguments in a reply does not undermine the goal of discouraging such arguments generally because the chance of the Supreme Court granting certiorari is minimal. *See* https://www.supremecourt.gov/publicinfo/reportersguide.pdf ("[Supreme] Court receives approximately 5,000-6,000 petitions for a writ of certiorari each Term. The Court grants and hears oral argument in about 60-70 cases"); https://www.supremecourt.gov/about/courtatwork.aspx

---

[2] The Court should not penalize plaintiff for moving within the 14-day local rule deadline rather than the 28-day period under Fed. R. Civ. P. 59(b) or (e). The Supreme Court's decision to grant certiorari is rare and unforeseeable, and delaying the motion would risk untimeliness under the local rule. Additionally, Plaintiff moved for the stay within the 28-day timeframe, preserving the issue (ECF No. 101 and 102), as the Court's order (ECF No. 97) on September 6 would make the 28-day deadline on October 4, 2023.

("each Term, approximately 5,000-7,000 new cases are filed in the Supreme Court" "plenary review, with oral arguments by attorneys, is currently granted in about 80 of those cases each Term").

Staying the action and ordering supplemental memoranda after the Supreme Court decides *BISSONNETTE* aligns with the purpose of a motion to reconsider, which includes reevaluating the basis for a decision in cases of intervening changes in law, new evidence, or to correct errors or prevent injustice. *See Keyes v. Nat'l R.R. Passenger Corp.,* 766 F. Supp. 277, 280 (E.D. Pa. 1991); *In re Facebook, Inc., IPO Sec. & Derivative Litig.,* 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003); *Schwartz,* 539 F.3d at 153-54.

## 4. **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion herein or grant Plaintiffs' application for a stay, as shown in motions at ECF No. 101 and 102, and order supplemental memoranda concerning the impact of the Supreme Court decision in *BISSONNETTE* before reconsideration.

Dated: Astoria, New York  
        October 4, 2023

Signed,

By: _____/s/ Clifford Tucker_____  
        Clifford Tucker, Esq.