

Attorneys at Law

Patrick G. Brady
t 973.639.8261
f 973.639.8556
PBrady@ebglaw.com

November 18, 2024

**BY ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Terrence J. Poletti, *et al.* v. Pepsi-Cola Bottling Company of New York, Inc., *et al.*
      Civil Action No. 21-cv-07603

Dear Judge Broderick:

On behalf of Defendants Pepsi-Cola Bottling Company of New York, Inc. ("PCNY"), Reginald Goins, Williams W. Wilson, Harold Honickman, Jeffrey Honickman, Joseph Klingler, Scott Allmers, and Joseph Hayes ("Individual Defendants," together with PCNY, "Defendants"), please accept this letter motion submitted in accordance with Rule 4(F) of this Court's Individual Rules and Practices (which permits letter motions that comply with the S.D.N.Y. Local Rules and the S.D.N.Y. ECF Rules and Instructions) to advise this Court of a change in circumstances involving Plaintiff Vincent Carrieri ("Plaintiff Carrieri").[1]  This change in circumstances impacts this Court's pending disposition of Plaintiffs' motion for reconsideration of this Court's September 6, 2023 Order granting Defendants' motions to compel arbitration (ECF No. 98) and Plaintiffs' motion to stay (ECF No. 101).  Based on the changed circumstances, discussed *infra*, Defendants move this Court to deny Plaintiffs' motion for reconsideration and Plaintiffs' motion to stay as moot as to Plaintiff Carrieri.

I.   **Plaintiff Carrieri Has Conceded That His Claims Against Defendants Belong in Arbitration Pursuant to His Distributor Agreement with PCNY and This Court's Opinion & Order, dated September 6, 2023 (ECF No. 97)**

On August 27, 2024, Plaintiff Carrieri submitted a Demand for Arbitration ("Demand") to JAMS, naming PCNY and the Individual Defendants as Respondents.  (*See* Demand for Arbitration ("Demand"), Vincent Carrieri v. Pepsi-Cola Bottling Company of New York, Inc., et

---

[1] If the Court prefers that the subject matter of this letter motion be brought by formal motion, Defendants will refile.

Honorable Vernon S. Broderick
November 18, 2024
Page 2

al., submitted Aug. 27, 2024, attached hereto as Exhibit A.[2])  With the filing of his Demand with JAMS, Plaintiff Carrieri conceded that his claims against Defendants in the above-referenced matter are subject to arbitration, because he has now asserted the same claims in arbitration pursuant his Distributor Agreement with PCNY and this Court's Opinion & Order (ECF No. 97), dated September 6, 2023, granting Defendants' motions to compel arbitration and stay the matter.

In his Demand, Plaintiff Carrieri "seeks recovery for unpaid wages under the federal Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), and all implementing regulations including but not limited to unpaid minimum and overtime wages, unlawful deductions, and uniform expenses."  (Demand § 5, "Nature of Dispute.")  In Plaintiffs' Third Amended Complaint (ECF No. 92), in which Plaintiff Carrieri is a named Plaintiff, Plaintiffs similarly seek to recover for unpaid minimum wages under the FLSA (First Cause of Action), unpaid overtime under the FLSA (Second Cause of Action), unpaid minimum wages under NYLL (Third Cause of Action), unpaid overtime under NYLL (Fourth Cause of Action), unlawful deductions under NYLL (Fifth Cause of Action), uniform expenses under NYLL (Sixth Cause of Action), unpaid wages and benefits under NYLL (Seventh Cause of Action), and unpaid "spread of hours" pay under NYLL (Tenth Cause of Action).

Further, in his Demand, Plaintiff Carrieri "seeks damages under the New York Wage Theft Protection Act (WTPA), as well as for unjust enrichment and violations of the New York Franchise Act."  (Demand § 5, "Nature of Dispute.")  In the Third Amended Complaint (ECF No. 92), Plaintiffs seek to recover for violations of the New York Wage Theft Protection Act's notice requirements (Eighth and Ninth Causes of Action), for unjust enrichment (Eleventh Cause of Action), and for violations of the New York Franchise Act (Thirteenth Cause of Action). Accordingly, all of Plaintiff Carrieri's claims in the above-referenced matter have been asserted in arbitration in his Demand before JAMS.

As to the "Agreement" supporting the Demand submitted to JAMS, Plaintiff Carrieri referenced Section 23 of his Distributor Agreement with PCNY, titled "Dispute Resolution." (Demand § 5, "Nature of Dispute.")  He attached a copy of his Distributor Agreement to the Demand (*see* Ex. A), which is the same Distributor Agreement that PCNY attached to its motion to compel arbitration (ECF No. 69-19).  Thus, Plaintiff Carrieri has agreed to arbitrate pursuant to the terms of his Distributor Agreement with PCNY.

Plaintiff Carrieri also attached to his Demand this Court's September 6, 2023 Opinion & Order (ECF No. 97), granting Defendants' motions to compel arbitration of Plaintiffs' claims against Defendants and staying the matter pending the outcome of arbitration.  (*See* Ex. A.) Plaintiff Carrieri did not attach to his Demand Plaintiffs' motion for reconsideration, motion to stay, or notice of appeal to the Second Circuit (ECF No. 105), all of which challenge the findings in this Court's September 6, 2023 Opinion & Order (ECF No. 97).  Therefore, Plaintiff Carrieri

---

[2] Section 6 of the Demand contains hyperlinks to the Distributor Agreement for V.D.C. Distributors Inc. (referenced in Section 6 as "ECF No. 69-19 - Exhibit 19 - V.D.C. Distributors Inc. - Current Distributor Agreement.pdf") and this Court's Opinion & Order, dated September 6, 2023, granting Defendants' motions to compel arbitration and staying the matter (referenced in Section 6 as "25259-20 Court Decision_Order United States District Court, Southern District of New York Sacco _ Fillas, LLP (Astoria) 09-11-2023.pdf").  Both documents appear in Exhibit A after the Demand.

Honorable Vernon S. Broderick
November 18, 2024
Page 3

has represented to JAMS that he is proceeding to arbitration pursuant to this Court's September 6, 2023 Opinion & Order (ECF No. 97), which is contrary to the position Plaintiffs have taken in their motion for reconsideration and motion to stay, both of which challenge this Court's disposition in its September 6, 2023 Opinion & Order (ECF No. 97).

## II. Because Plaintiff Carrieri Consented to Arbitration with JAMS, Plaintiffs' Motion for Reconsideration, as to Plaintiff Carrieri, Is Moot

The "mootness doctrine prevents federal courts from hearing matters that no longer present an actual dispute between parties." *Connecticut ex. rel. Blumenthal v. Crotty*, 346 F.3d 84, 93 (2d Cir. 2003) (citation omitted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Mizuta v. Carranza*, 20 Civ. 6014 (AT), 2022 WL 602968, at *1 (S.D.N.Y. Mar. 1, 2022) (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983)).

Here, the relief sought by Plaintiff Carrieri as a participant in Plaintiffs' motion for reconsideration (ECF No. 98) is no longer needed. With respect to Plaintiffs' motion for reconsideration pursuant to Local Civil Rule 6.3, Federal Rule of Civil Procedure 59(e), and Federal Rule of Civil Procedure 60(b), filed on September 18, 2023 (ECF No. 98), Plaintiffs (including Plaintiff Carrieri) moved for reconsideration of this Court's September 6, 2023 Opinion & Order (ECF No. 97) granting Defendants' motions to compel arbitration and stay the case. In support of their motion for reconsideration, Plaintiffs argued that the Court "overlooked" sections of their Distributor Agreements[3] with PCNY that would prevent them from "vindicating their substantive rights under the FLSA and NYLL in arbitration." (Pls. Mem. in Supp. of Recons. 6, ECF No. 99.)

Plaintiffs further argued before the Court that they could not prevail on their misclassification claim or obtain all available damages under the FLSA and NYLL via arbitration because: (i) both Distributor Agreements classify distributors as independent contractors and prohibit the arbitrator from amending the terms of the Agreements, thereby, "pre-determining" the outcome of their misclassification claims, and (ii) the Current Distributor Agreement prohibits the arbitrator from awarding "special, incidental or consequential damages (including, but not limited to, loss of profits)" and requires Plaintiffs to bear all expenses associated with their work, thereby, waiving damages available under the FLSA and NYLL. (Pls. Mem. in Supp. of Recons. 6-8, ECF No. 99.)

Because Plaintiff Carreri has decided to arbitrate his claims against Defendants, there is no live controversy between Plaintiff Carrieri and Defendants. A decision in Plaintiff Carrieri's favor on the motion for reconsideration would not afford any relief to Plaintiff Carrieri because he has abandoned his opposition to arbitration by proceeding with arbitration before JAMS pursuant to

---

[3] As explained in Plaintiffs' memorandum of law in support of their motion for reconsideration (ECF No. 99), some Plaintiffs operated pursuant to Distributor Agreements that took effect prior to January 4, 2021 (the "Prior Agreements"). (Pls. Mem. in Supp. of Recons. 4.) The remaining Plaintiffs operated pursuant to Agreements that became effective January 4, 2021 (the "Current Agreements"). (*Id.*)

Honorable Vernon S. Broderick
November 18, 2024
Page 4

his Distributor Agreement with PCNY.[4]  Accordingly, Plaintiffs' motion for reconsideration should be denied as moot as to Plaintiff Carrieri. *See Adams v. Smith*, 8:07-CV-00452 (LEK/RFT), 2008 WL 11504522, at *1 (N.D.N.Y. Aug. 4, 2008) (denying as moot a plaintiff's motion for reconsideration of the denial of her motion for a preliminary injunction and dismissal of a temporary restraining order preventing a defendant from evicting her from a premises, where the plaintiff was evicted from the premises while the motion for reconsideration was pending).

### III.     Because Plaintiff Carrieri Consented to Arbitration with JAMS, Plaintiffs' Motion to Stay Is Moot As to Him

The relief sought by Plaintiff Carrieri in Plaintiffs' motion to stay (ECF No. 101) is also no longer needed.  In their motion to stay, Plaintiffs argue that a stay of the action is necessary because the United States Supreme Court then-recently granted certiorari in *Bissonnette v. LePage Bakeries Part St., LLC* ("*Bissonnette*"), 49 F.4th 655 (2d Cir. 2022), *reh'g en banc denied*, 9 F.4th 594 (2d Cir. 2023), *cert. granted*, 2023 WL 6319660 (U.S. Sept. 29, 2023) (No. 23-51).  (Pls. Mem. in Supp. of Stay 5, ECF No. 102). According to Plaintiffs, the *Bissonnette* case is outcome determinative, such that "[i]f the Supreme Court determines that [the *Bissonnette*] distributor-plaintiffs are exempt from the FAA, . . . the exemption would cover Plaintiffs in this action." (Pls. Mem. in Supp. of Stay 5, 8.)[5] Thus, Plaintiffs argue that they could be exempt from arbitrating their claims under the FAA, depending on the Supreme Court's decision in *Bissonnette*.

Here, the question whether Plaintiff Carrieri is required to arbitrate under the FAA or is exempt from the FAA's coverage has been rendered academic by Plaintiff Carrieri's filing his Demand.  *See Scalia v. Angelica Textile Servs., Inc.*, 803 F. App'x 542, 542-43 (2d Cir. 2020) (holding that, where there was no prospect of recovery of penalties assessed on a business by the US Secretary of Labor for violations of the Occupational Safety and Health Act, a decision on appeal concerning whether the appropriate amount was assessed "would constitute the type of

---

[4] By agreeing to arbitrate his claims against Defendants, Plaintiff Carrieri has waived his opposition to arbitration as expressed in Plaintiffs' arguments in support of their motion for reconsideration.  *See Kumaran v. ADM Investor Servs., Inc.*, 1:20-cv-03873 (GHW) (SDA), 2021 WL 2333645, at *4-5 (S.D.N.Y. June 7, 2021) (holding that a plaintiff had waived the right to challenge the arbitrability of its claims asserted in litigation because, by initiating arbitration against defendant, the plaintiff had agreed to arbitrate its claims), *reconsideration denied sub. nom Kumaran v. Nat'l Futures Ass'n,* No. 1:20-CV-3668, 2023 WL 3160116 (S.D.N.Y. Apr. 28, 2023).

[5] The Supreme Court issued its decision in *Bissonnette* on April 12, 2024.  *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246 (2024).  The Court held that "[a] transportation worker need not work in the transportation industry to fall within the exemption from the FAA provided by § 1 of the Act." *Id.* at 256.  Accordingly, the Court held that the Second Circuit "erred in compelling arbitration on the basis that petitioners work in the bakery industry." *Id.*  The Court expressed no opinion on whether petitioners were not transportation workers or were "not 'engaged in foreign or interstate commerce' within the meaning of § 1 [of the FAA] because they deliver baked goods only in Connecticut." *Id.*  The Court vacated the Second Circuit's judgment and remanded for further proceedings. *Id.*

On remand, the Second Circuit issued an Order on May 24, 2024, directing the parties to submit supplemental briefing to the Court "addressing the impact of the Supreme Court's decision and any remaining issues, including the two issues the Court explicitly preserved."  Order, Bissonnette v. LePage Bakeries Park St., LLC, No. 20-1681 (2d Cir. May 24, 2024) (ECF No. 219).  After the parties submitted their supplemental briefing, the Court held oral argument on November 13, 2024.  *See* Argument Notice, Bissonnette v. LePage Bakeries Park St., LLC, No. 20-1681 (2d Cir. Oct. 1, 2024) (ECF No. 250) and Docket Entry for Oral Argument (Nov. 13, 2024) (ECF No. 264).

Honorable Vernon S. Broderick
November 18, 2024
Page 5

academic exercise precluded by Article III [of the Constitution"). Accordingly, Plaintiffs' motion to stay (ECF No. 101) should be denied as moot as to Plaintiff Carrieri. *See Roddey v. Infosys Techs. Ltd., Inc.*, 22-CV-6310 (VSB), 2022 WL 16700270, at *1, 4 (S.D.N.Y. Nov. 3, 2022) (denying motion to enjoin an ongoing arbitration and motion to compel a new arbitration where the ongoing arbitration rendered moot the request to compel arbitration); *Smith v. Noeth*, No. 1:18-CV-0883-JLS-MJR, 2021 WL 8153540, at *1-2 (W.D.N.Y. Dec. 19, 2021) (holding that a motion to stay pending state court proceedings in a criminal matter was mooted by intervening events, specifically the completion of the state court proceedings).

### IV. Conclusion

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiffs' motion for reconsideration (ECF No. 98) and Plaintiffs' motion to stay (ECF No. 101) as moot as to Plaintiff Carrieri.

We appreciate Your Honor's time and attention to this matter.

Respectfully submitted,

*s/Patrick G. Brady*

Patrick G. Brady

cc:   Clifford Tucker, Esq. (via ECF)
      Patricia Lynch, Esq. (via ECF)
      Geoffrey Kalender, Esq. (via ECF)
      Daniel Gobetz, Esq. (via ECF)