```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TERENCE POLETTI, et al.

                    Plaintiffs,

        - against -

PEPSI-COLA BOTTLING COMPANY OF,
NEW YORK, INC., et al.,

                    Defendants.
-------------------------------------------------------------X

21-CV-7603 (VSB) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       On November 13, 2024, Natalie Blue Murn, acting in her capacity as Administrator CTA of the Estate of George Murn, filed a motion, pursuant to Federal Rule of Civil Procedure 25(a)(1), to substitute as a Plaintiff for George Murn and for voluntary dismissal without prejudice of Natalie Blue Murn's claims on behalf of the Estate of George Murn. (Dkt. 121). The motion is unopposed. This order addresses only the motion to substitute. The Court will set a conference to discuss the motion for voluntary dismissal.

       Rule 25(a)(1) expressly addresses a scenario where a party dies and their claim has not been extinguished. A motion to substitute will be granted under Rule 25(a)(1) upon satisfying three requirements: "(1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be the proper party." *Lai Yoong Low v. Tian Yu Inc.*, No. 12-CV-7237, 2015 WL 1011699, at *1-2 (S.D.N.Y. March 9, 2015). Each of those requirements are met here.

       The motion is timely because it was filed within 90 days after service of a statement noting Mr. Murn's death. *See* Declaration of Daniel L. Gobetz, filed Nov. 13, 2024, Dkt.

121-1 ("Gobetz Decl.") at Ex. A (Certificate of Death); Fed. R. Civ P. 25(a)(1) (requiring motion be made within 90 days of service of statement of death).

The claims asserted are made under the Fair Labor Standards Act, the New York Labor Law, and the New York Franchise Law and also include a claim for unjust enrichment, all of which are claims that survive a plaintiff's death. *See Lubas v. JLS Group, Inc.*, No. 18-CV-6611, 2023 WL 2795981, at *1 (E.D.N.Y. March 23, 2023) (holding that FLSA claims survive because FLSA is a remedial statute, and NYLL claims survive under state law); *Lai Yoong Low*, 2015 WL 1011699, at *3 (same); *Loguidice v. Gerber Life Insurance Co.*, No. 20-CV-3254, 2023 WL 6162925, at *3-4 (S.D.N.Y. Sept. 21, 2023) (holding that claims under General Business Law – which encompasses Franchise Act – survive); *Allen ex. Rel. Allen v. Devine*, Nos. 09-CV-0668, 10-CV-1319, 2011 WL 5117619, at *3 (E.D.N.Y. Oct. 25, 2011) (finding that unjust enrichment claim survived).

Finally, Natalie Blue Murn is a proper party for substitution as she is the Administrator CTA of Mr. Murn's estate. *See* Gobetz Decl. at Exc. B-C (appointment and letters of administration issued to Natalie Blue Murn); *Roe v. City of New York*, No. 00-CV-9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (explaining that a proper party under Rule 25(a)(1) includes, *inter alia*, a person lawfully designated by state authority to represent the deceased's estate).

All the requirements of Rule 25(a)(1) having been met, Natalie Blue Murn's motion to substitute is GRANTED, and the Clerk of Court is respectfully directed to substitute for Plaintiff George Murn in the caption of the case the following individual: Natalie Blue Murn, in her capacity as Administrator CTA of the Estate of George Murn.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  December 12, 2024
         New York, New York

Copies transmitted this date to all counsel of record.