UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                          :

TERENCE POLETTI, *et al.*,

                         Plaintiffs,

                       21-CV-7603 (VSB)

          - against -

                       **OPINION & ORDER**

PEPSI-COLA BOTTLING COMPANY OF
NEW YORK, INC., *et al.*,

                       Defendants.

------------------------------------------------------------X

Appearances:

Clifford Ryan Tucker
Geoffrey Kalender
Patricia Rose Lynch
Sacco & Fillas, LLP
Astoria, NY
*Counsel for Plaintiffs*

Patrick G. Brady
James Joseph Sawczyn
Epstein Becker & Green, P.C.
Newark, NJ
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Before me is Plaintiffs' motion for reconsideration directed to my September 6, 2023 Opinion & Order granting Defendants' motion to compel arbitration ("Opinion"), pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. (Doc. 98.) Because Plaintiffs provide no viable legal basis for me to reconsider my Opinion, (Doc. 97), the motion is DENIED.

I. **Background and Procedural History**

I assume the parties' familiarity with the relevant facts and procedural history, which are set forth in my Opinion. (*See* Doc. 97.) In short, this case involves former or current distributors of Pepsi Co.'s products and the underlying distributor agreements. (*Id.* at 2.) Seventeen Plaintiffs had distributor agreements that took effect prior to January 4, 2021 (the "Prior Agreements"). (*Id.*) The remaining eleven Plaintiffs had distributor agreements that became effective January 4, 2021 (the "Current Agreements," and with the Prior Agreements, the "Distributor Agreements"). (*Id.*)

Plaintiffs timely filed a motion for reconsideration, (Doc. 98), and supporting memorandum of law on September 18, 2023, (Doc. 99 ("Reconsideration Br.")). Defendants filed an opposition brief on October 2, 2023. (Doc. 100 ("Opp'n").) Plaintiffs filed a reply brief on October 4, 2023. (Doc. 103 ("Reply").) After obtaining leave to do so, Defendants filed a sur-reply in further opposition to the motion for reconsideration on October 20, 2023. (Doc. 110 ("Sur-reply").)

On October 4, 2023, Plaintiffs moved to stay the case pending the Supreme Court's resolution of *Bissonnette v. LePage Bakeries Park St. LLC*, 144 S. Ct. 479 (2023) (granting petition for writ of certiorari). (Doc. 101.) Defendants opposed the motion to stay on October 18, 2023. (Doc. 107.) Plaintiffs then replied on October 27, 2023. (Doc. 111.) The motion to stay was terminated as moot because the Supreme Court resolved *Bissonnette*. (Doc. 124.) Finally, Plaintiffs filed a notice of interlocutory appeal from the Opinion on October 6, 2023. (Doc. 105.) The Court of Appeals stayed the appeal pending resolution of the motion for reconsideration under Federal Rule of Appellate Procedure 4(a)(4). (Doc. 112.)

On November 18, 2024, Defendants filed a letter-motion requesting that I deny Plaintiffs'

motion for reconsideration as to Plaintiff Vincent Carrieri due to a change in circumstances. (Doc. 123.)  Defendants contend that Carrieri submitted a Demand for Arbitration on August 27, 2024, thereby mooting Carrieri's motion for reconsideration.  (*Id.*)  Plaintiff Carrieri's counsel responded and argued that Carrieri's decision to file a Demand for Arbitration was a "protective measure" and that Carrieri's motion for reconsideration is not moot.  (Doc. 130.)

On November 19, 2024, I ordered the parties to submit letter briefs regarding the impact, if any, of the Supreme Court's decision in *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246 (2024) on the pending motion for reconsideration and any other matters related to this action.  (Doc. 124.)  The parties separately filed responsive letters.  (Docs. 131 ("Pls. Ltr"), 132 ("Defs. Ltr").)

## II.     Legal Standard

"The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016).  Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotation marks omitted).  The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'"  *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012)

(quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

"A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks omitted). Rather, a motion for reconsideration can be granted "*only* in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)) (emphasis added).

The Second Circuit has yet to promulgate a standard for a motion for reconsideration based on an intervening change of law. *See Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242, 2021 WL 4499031, at *2 (S.D.N.Y. Oct. 1, 2021) ("The Second Circuit has not directly considered what standard applies when a Rule 60(b)(6) motion is filed as a result of an intervening change of law.") Even so, the Second Circuit has analogized such a motion to that involving a motion for the court of appeals to recall a mandate due to an intervening change of law. *See Sargent v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996) (stating that the power to recall a mandate "is analogous to the power conferred on district courts by Fed. R. Civ. P. 60(b)"). District courts have accordingly analyzed cases involving motions to recall a mandate in considering a motion for reconsideration based on an intervening change of law. *See, e.g.*, *Edmondson*, 2021 WL 4499031, at *2 (considering Rule 60(b) motion based on intervening change of law in light of *Sargent*); *Devino v. Duncan*, 215 F. Supp. 2d 414, 417–18 (S.D.N.Y. 2002) (same). Courts consider, among other factors, whether the change in law "is beyond any question inconsistent with [its] earlier decision." *Sargent*, 75 F.3d at 90. Notably, the change in

4

law must do more than merely "cast[] doubt" on the previous court order. *United States v. Aquart*, 92 F.4th 77, 92 (2d Cir. 2024) (quoting *United States v. Plugh*, 648 F.3d 118, 124 (2d Cir. 2011)). Instead, the prior opinion "will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." *Id.* (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)). Indeed, the Supreme Court has stated that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

### III.   Discussion

In their initial motion for reconsideration, Plaintiffs do not attempt to argue that there was an "intervening change of controlling law" or identify the "availability of new evidence," so their motion must be denied unless they can make a showing of "clear error" or that reconsideration will "prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (internal quotation marks omitted), *cert. denied*, No. 24-104, 2024 WL 4427227 (U.S. Oct. 7, 2024). Although Plaintiffs fail to mention, let alone address, the heavy burden and "strict" legal standard a motion for reconsideration requires, *Shrader*, 70 F.3d at 257, the thrust of their argument is that I committed error by overlooking certain terms in the Distributor Agreements "that would prevent Plaintiffs from vindicating their substantive rights" under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in arbitration. (Reconsideration Br. at 6.) Plaintiffs' argument is two-fold. First, Plaintiffs argue that, because the Distributor Agreements (both Prior Agreements and Current Agreements) prevent the arbitrator from modifying the agreements—which state that Plaintiffs are "independent contractors,"—Plaintiffs would be unable to argue in arbitration that they are "employees" under

5

the FLSA and the NYLL.  (*Id.* at 7.)  Second, Plaintiffs request invalidation of certain arbitration clauses in the Current Agreements if they deprive Plaintiffs of their right to recover damages under the FLSA or the NYLL.  (*Id.* at 8–9.)  Defendants oppose the motion for reconsideration.

With regard to Plaintiffs' first argument, the Opinion already considered and rejected the argument that the Former Agreements prohibit an arbitrator from classifying Plaintiffs as "employees."  (Opp'n 5.)  With regard to the second argument, Plaintiffs are barred from making an argument that they could have, but failed to, previously raise.  (*Id.* at 7.)  In their reply, Plaintiffs devote most of their argument to mimic those in their motion to stay the case until the Supreme Court resolves *Bissonnette*, suggesting that the Supreme Court's decision may be an "intervening change in controlling law."  (*See generally* Reply.)  In their sur-reply, Defendants argue that (1) I can, and should, deny the motion for reconsideration, even though an interlocutory appeal is pending, and (2) that *Bissonnette* will not impact this case.  (*See generally* Sur-reply.)

### A.  *Distributor Agreements' Classification as Independent Contractors*

The law is clear that a motion for reconsideration is not an opportunity for Plaintiffs to take a "second bite at the apple," *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted), or to "relitigate an issue already decided," *Shrader*, 70 F.3d at 257.  Despite the clarity of the law, that is precisely what Plaintiffs seek to do.  As Defendants correctly note, (Opp'n 5–7), Plaintiffs have already argued that the arbitrator would be prohibited from finding that Plaintiffs were employees because the arbitrator could not amend the Distributor Agreement.  In their opposition to Defendants' motion to compel arbitration under the Prior Agreements, Plaintiffs argued that an arbitrator's determination of whether Plaintiffs are "employees" "would violate the prohibition against changing terms" of the

Prior Agreements.  (Doc. 74 at 28–29.)  In their reply brief in support of their motion to compel, Defendants specifically addressed this argument and stated that the agreement's arbitration clause "expressly *includes* Plaintiffs' misclassification claim," and therefore it "*must* be resolved by arbitration."  (Doc. 81 at 10–11 (emphases in original).)  I agree.  My finding that the Distributor Agreements' terms were "quite broad" so as to cover the "dispute at issue in this litigation" sufficiently considered Plaintiffs' arguments.  (Opinion at 9–10.)  I am not "required to delineate every reason for the decisions [I] make[]; it is in [my] discretion to respond specifically—or not—to arguments made by the parties."  *Devinsky v. Kingsford*, No. 05-CV-2064, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008).[1]

Plaintiffs fail to raise any new law or facts that undermine the reasoning in the Opinion.  Other than repeating the same arguments I previously rejected, Plaintiffs fail to advance any compelling argument as to why my decision finding the terms of the Distributor Agreement to be broad constitutes "clear error" or must be reconsidered to "prevent manifest injustice."  *Commerzbank AG*, 100 F.4th at 377.  Since Plaintiffs' motion for reconsideration "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied."  *Silverman v. Miranda*, No. 06-CV-13222, 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (cleaned up).

### B.  *Current Agreements' Arbitration Clauses*

Plaintiffs also request that I reconsider my Opinion because the Current Agreements contain unenforceable clauses that would improperly prevent Plaintiffs from recoverable

---

[1] Plaintiffs may argue that their arguments were technically limited to the Prior Agreements, and therefore my Opinion did not consider the same arguments for the Current Agreements.  I find that any motion for reconsideration on that ground is similarly doomed because that parallel argument was "implicitly rejected" in the Opinion's holding.  *Kassman v. KPMG LLP*, No. 11-CV-3743, 2018 WL 6725306, at *1 (S.D.N.Y. Dec. 21, 2018).  Independently, Plaintiffs failed to raise that argument regarding the Current Agreements when it had the opportunity to do so (and did regarding the Prior Agreements).  *See infra* § III.B.

damages under the FLSA and the NYLL. As an initial matter, I need not consider this argument because Plaintiffs failed to raise this issue in their prior briefing. *See Indradjaja v. Holder*, 737 F.3d 212, 218 (2d Cir. 2013) ("[A] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings, but was not, will be denied."); *SEC v. Collector's Coffee Inc.*, 464 F. Supp. 3d 665, 668 (S.D.N.Y. 2020) (barring party from "making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so").

Plaintiffs obviously were in possession of both the Prior Agreements and the Current Agreements, so they cannot argue that there was any new evidence to warrant reconsideration of my Opinion. Because Plaintiffs could have, but failed to, argue that the Current Agreements improperly prohibit them from recovering certain damages, that argument is waived.

### C. *Bissonnette As an Intervening Change in Controlling Law*

In their reply brief, Plaintiffs suggested that there may be an intervening change in controlling law when the Supreme Court eventually decided *Bissonnette v. LePage Bakeries Park St., LLC*, 144 S. Ct. 479 (2023) (granting petition for writ of certiorari). The Supreme Court has now decided *Bissonnette* and held that a transportation worker need not work in the transportation industry to fall under the FAA's § 1 exemption. 601 U.S. 246, 256 (2024). The Supreme Court explicitly "express[ed] no opinion on any alternative grounds in favor of arbitration raised below, including that petitioners are not transportation workers and that petitioners are not 'engaged in foreign or interstate commerce' within the meaning of § 1." *Id.* Upon remand, the Second Circuit directed the district court to discern whether plaintiffs there satisfied the two-part test in *Saxon* to determine whether a worker falls within the exemption: (1) defining the "class of workers" to which plaintiffs belong by determining whether their

responsibilities are those of transportation workers and (2) determining whether that defined class of workers is "engaged in foreign or interstate commerce." *Bissonnette v. LePage Bakeries Park St., LLC*, 123 F.4th 103, 106 (2d Cir. 2024) (citing *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 455 (2022)). Plaintiffs request that I "hold that Plaintiffs are 'transportation workers' exempt from arbitration under the FAA" because they are transportation workers engaged in interstate commerce. (*See* Pls. Ltr at 3.)

I find that there has been no intervening change in controlling law to warrant reconsideration of my Opinion. The Opinion granted Defendants' motions to compel because the parties' arbitration clause covered the dispute in this case. (Opinion at 2.) The Opinion also held that Defendants have not waived arbitration despite the one-year delay in filing motions to compel. (*Id.* at 9.) The Opinion did not address the issue of whether Plaintiffs were exempt under § 1 of the FAA, precisely because it was not briefed in the motions to compel. Accordingly, *Bissonnette* did not overrule any controlling law on which the Opinion was based; nor does it have any other impact on the holding of the Opinion. *Compare Goodman v. AssetMark, Inc.*, 53 F. Supp. 3d 583, 591 (E.D.N.Y. 2014) (denying reconsideration because prior opinion "remains good law after" Supreme Court decision), *with Berman v. New York State Pub. Emp. Fed'n*, No. 16-CV-204, 2019 WL 1472582, at *1 (E.D.N.Y. Mar. 31, 2019) (granting reconsideration because Supreme Court decision expressly overruled a prior Supreme Court case, "which was central" to the prior district court opinion). Therefore, I do not have "a clear conviction of error with respect to a point of law on which" the Opinion "was predicated." *See Aquart*, 92 F.4th at 92 (internal quotation marks omitted).

Further, neither the Supreme Court decision, 601 U.S. 246 (2024), nor the Second Circuit decision, 123 F.4th 103 (2d Cir. 2024), opined on whether the plaintiffs in that case satisfied the

two-prong test in *Saxon*.[2]  *Bissonnette* is now on remand in the district court, so the Opinion "remains good law."  *See Goodman*, 53 F. Supp. 3d at 591 (E.D.N.Y. 2014).  Accordingly, there is no "intervening change in controlling law" to meet the "strict" standard for reconsideration.

In short, I considered and rejected on the merits Plaintiffs' argument that the Distributor Agreements prevent Plaintiffs from arguing that they are "employees" under the FLSA and the NYLL in arbitration, Plaintiffs' arguments that the Current Agreements improperly prohibit them from recovering certain damages and that Plaintiffs are exempt from the FAA were waived after Plaintiffs failed to raise them in the prior briefing, and *Bissonnette* does not constitute an intervening change of controlling law.  Plaintiffs' reconsideration motion fails to show any "intervening change in controlling law," "availability of new evidence," or "clear error" resulting in a "manifest injustice."  *Commerzbank AG*, 100 F.4th at 377.  Plaintiffs fail to meet the "strict" standard of a motion for reconsideration to warrant that "extraordinary remedy."

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.[3]  The Clerk of Court is respectfully directed to terminate the motions pending at Documents 98 and 123.

---

[2] Independently, the argument that Plaintiffs are exempt from the FAA is arguably waived.  Plaintiffs first referenced *Bissonnette* in their reply brief for the motion for reconsideration "to avoid the risk of waiver" in arguing that Plaintiffs are exempt from the FAA's coverage.  (*See* Reply Br. 5.)  However, the argument that Plaintiffs are exempt from the FAA was arguably waived at that time because Plaintiffs failed to make that argument during the briefing for the motion to compel.  Plaintiffs could have made such an argument before the Supreme Court granted certiorari in *Bissonnette*.  Plaintiffs failed to do so and only first raised this argument in their motion to stay and reply brief in support of their motion for reconsideration.  (*See* Docs. 102, 103.)  Even if Plaintiffs' argument based on *Bissonnette* as an intervening change of controlling law were construed as a new motion for reconsideration, it is unclear whether such an argument was timely.  *See Commerzbank AG*, 100 F.4th at 377 ("[T]his Circuit has not specifically considered whether motions for reconsideration brought pursuant to an intervening change in law are subject to Rule 6.3's fourteen-day deadline.").

[3] Because I deny Plaintiffs' motion for reconsideration, I need not decide on Defendants' letter requesting that I find moot the motion for reconsideration as to Plaintiff Carrieri.  (Doc. 123.)

SO ORDERED.

Dated: January 7, 2025
     New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge