UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TERENCE POLETTI, LEONARD COSTA, CHRISTOPHER J. CHAPMAN, STEVEN NIEVES, ARTHUR COMBS, MICHAEL ASHTON, LEONARD CARLO, KIRK RODRIGUEZ, STEVEN WEIDLER, MIGUEL MIELES, ROBERT ELISEO, VINCENT CARRIERI, ABRAHAN ROSARIO, MATTHEW DUNDIE, N. WILLIAM GOOD, JEFFREY GOOD, NICK PURCELL, ANGEL LOPEZ, GERARD AMITRANO, STEPHEN MARTIN, THOMAS LEGOTTE, TERENCE CARR, TERENCE CARR II, and MERYL WALDER AS THE EXECUTOR OF THE ESTATE OF ALAN WALDER, on behalf of themselves and all others similarly situated,

                 Plaintiffs,

- against -

PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC., REGINALD GOINS, WILLIAM W. WILSON, HAROLD HONICKMAN, JEFFREY HONICKMAN, JOSEPH KLINGLER, SCOTT ALLMERS, and JOSEPH HAYES,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:21-cv-07603-VSB

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT, 9 U.S.C. §§ 1 *ET SEQ.*, TO ENFORCE THE TERMS OF THE PARTIES' ARBITRATION AGREEMENT**

EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
Attorneys for Defendants

FIRM:67829963v1

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................1

    I.    THE LAW OF THE CASE DOCTRINE DOES NOT APPLY ...............................1

    II.    THIS COURT MAY ENFORCE THE CURRENT DISTRIBUTOR AGREEMENT'S TERMS CONCERNING THE ALLOCATION OF ARBITRATION FEES AND COSTS ...................................................................2

    III.    DEFENDANTS' MOTION DOES NOT VIOLATE THE STAY, ENGAGE IN FORUM SHOPPING, OR CONSTITUTE WAIVER ......................4

    IV.    JAMS' MINIMUM STANDARDS DO NOT APPLY TO CARRIERI'S ARBITRATION .........................................................................................................6

        A.    Defendants' Arbitration Agreement with Carrieri Does Not Incorporate the Minimum Standards .............................................................6

        B.    Carrieri's Distributor Agreement Was Not a Condition of Employment ..................................................................................................8

        C.    Carrieri Was Represented by Counsel During the Negotiation of His Distributor Agreement ....................................................................9

        D.    Application of JAMS' Minimum Standards Is Not Required to Effectuate the Statutory Intent of the FLSA and NYLL ............................10

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Ancile Investment Co. Limited v. Archer Daniels Midland Co.*,
  No. 08 CV 9492(KMW), 2011 WL 3516128 (S.D.N.Y. Aug. 3, 2011).................................1

*In re Arbitration Between General Security National Insurance Co. & AequiCap
  Program Administrators*,
  785 F. Supp. 2d 411 (S.D.N.Y. 2011).........................................................................3, 6

*Bancol Y Cia. S. En. C. v. Bancolombia S.A.*,
  123 F. Supp. 2d 771 (S.D.N.Y. Dec. 18, 2000) ...............................................................4

*Birchwood Management Corp. v. Stationary Engineers, RWDSU, AFL-CIO*,
  154 A.D.2d 531 (2d Dep't 1989) ....................................................................................5

*Brandifino v. Cryptometrics, Inc.*,
  27 Misc. 3d 513 (N.Y. Sup. Ct. 2010) .............................................................................6

*Brown v. Peregrine Enters., Inc.*,
  No. 22-2959, 2023 WL 8800728 (2d Cir. Dec. 20, 2023).............................................5, 6

*Commodity Futures Trading Commission v. Ehrlich*,
  23-cv-08962, 2024 WL 4008205 (S.D.N.Y. Aug. 29, 2024) ..........................................8

*Frazier v. X Corp*,
  739 F. Supp. 3d 219 (S.D.N.Y. 2024)....................................................................2, 8, 9

*Freeman v. SmartPay Leasing LLC*,
  771 F. App'x 926 (11th Cir. 2019) ..................................................................................7

*Hunt v. Mobil Oil Corp.*,
  654 F. Supp. 1487 (S.D.N.Y. 1987).................................................................................5

*Jock v. Sterling Jewelers, Inc.*,
  703 F. App'x 15 (2d Cir. 2017) .......................................................................................1

*Lang v. PTC, Inc.*,
  No. CV21-04451 (KM)(ESK), 2021 WL 5277190 (D.N.J. Nov. 12, 2021) ...................8

*Miller v. Mercuria Energy Trading, Inc.*,
  291 F. Supp. 3d 509 (S.D.N.Y. 2018)..............................................................................7

*Peng v. Uber Techs., Inc.*,
  237 F. Supp. 3d 36 (E.D.N.Y. 2017) .............................................................................10

*Red Ball Interior Demolition Corp. v. Palmadessa*,
  173 F.3d 481 (2d Cir. 1999).............................................................................................9

FIRM:67829963v1

*Rosa v. X Corp.*,
  No. 2:23-cv-22908 (BRM) (AME), 2024 WL 4903619 (D.N.J. Nov. 27, 2024) ...................... 2

*Smiga v. Dean Witter Reynolds, Inc.*,
  766 F.2d 698 (2d Cir. 1985) .................................................................................................. 4

*Tepper Realty Co. v. Mosaic Tile Co.*,
  259 F. Supp. 688 (S.D.N.Y. 1966) ........................................................................................ 5

*Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*,
  489 U.S. 468 (1989) ............................................................................................................... 5

*Whitt v. Prosper Funding LLC*,
  No.: 1:15-cv-136-GHW, 2015 WL 4254062 (S.D.N.Y. July 14, 2015) ................................ 10

**Statutes**

Fair Labor Standards Act ............................................................................................................ 4, 10

Federal Arbitration Act . ................................................................................................... 1, 2, 4, 5, 6

New York Labor Law .................................................................................................................. 4, 10

**Other Authorities**

JAMS' Comprehensive Rule 24(e) .................................................................................................. 6

JAMS' Comprehensive Rule 31(a) ............................................................................................... 7, 8

JAMS' Comprehensive Rule 31(d) .................................................................................................. 8

FIRM:67829963v1

**PRELIMINARY STATEMENT**

Defendants Pepsi-Cola Bottling Company of New York, Inc. ("PCNY"), Reginald Goins, William W. Wilson, Harold Honickman, Jeffrey Honickman, Joseph Klingler, Scott Allmers, and Joseph Hayes (collectively, "Defendants") respectfully submit this reply in further support of their motion, pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), to enforce the terms of the parties' negotiated current distributor agreement, by compelling Plaintiff Vincent Carrieri ("Carrieri") to pay JAMS' filing fee assessed under JAMS' Comprehensive Arbitration Rules and Procedures and for the parties to share equally in the fees and costs of arbitration pursuant to the parties' arbitration agreement.

**ARGUMENT**

**I.   THE LAW OF THE CASE DOCTRINE DOES NOT APPLY**

Contrary to Carrieri's arguments, the law of the case doctrine does not apply to Defendants' motion. (Pl.'s Br. 9-10.) This Court has not previously ruled on any of the issues raised by Defendants. *See Ancile Investment Co. Limited v. Archer Daniels Midland Co.*, No. 08 CV 9492(KMW), 2011 WL 3516128, at *1 (S.D.N.Y. Aug. 3, 2011) (declining to apply the law of the case doctrine because the prior decision did not address the issue raised in the current motion).

Here, this Court never addressed the arbitrability of the issues raised in Carrieri's opposition brief, including whether this Court may enforce the terms of the Current Distributor Agreement (ECF No. 143-3) concerning allocation of arbitration fees and costs. The Court's decisions on Defendants' motions to compel arbitration (ECF No. 97) and Plaintiffs' motion for reconsideration (ECF No. 134) were limited to the issues before the Court, namely, whether Plaintiffs were required to arbitrate their claims pursuant to the terms of the distributor agreements' arbitration provisions. Accordingly, the law of the case doctrine is inapplicable. *See Jock v. Sterling Jewelers, Inc.*, 703 F. App'x 15, 16-17 (2d Cir. 2017).

1

## II.   THIS COURT MAY ENFORCE THE CURRENT DISTRIBUTOR AGREEMENT'S TERMS CONCERNING THE ALLOCATION OF ARBITRATION FEES AND COSTS

As stated in Defendants' moving brief (Defs.' Br. at 16), FAA § 4 permits enforcement of an arbitration provision's fee-sharing terms. *See Rosa v. X Corp.*, No. 2:23-cv-22908 (BRM) (AME), 2024 WL 4903619, at *9-11 (D.N.J. Nov. 27, 2024) (prospectively settling dispute over the proper allocation of arbitration fees and costs by enforcing the arbitration agreement's terms). Indeed, in *Frazier v. X Corp*, 739 F. Supp. 3d 219 (S.D.N.Y. 2024), which Carrieri cites as supporting his position that the arbitrator has "exclusive authority" over "fee allocation and interpretation of arbitration rules" (Pl's Br. at 16), the court ultimately issued an interim decision concerning the proper fee allocation under the arbitration agreement after recognizing the contractual basis for the dispute. *Frazier*, 739 F. Supp. 3d at 227-31.

This Court's previous finding that the arbitration clause in the Current Distributor Agreement is "quite broad" (ECF No. 97 at 10; ECF No. 134 at 7) does not prevent the Court from resolving the parties' dispute concerning the proper allocation of arbitration fees and costs under the agreement, especially where no arbitrator has been appointed to resolve the dispute, and JAMS has reserved the right to overrule the arbitrator's decision concerning the proper allocation of arbitration fees and costs between the parties. (*See* Defs.' Br. at 26-27.)

Carrieri fails to address the issues Defendants raise concerning JAMS' declaration that it has sole authority to determine the proper allocation of arbitration fees and costs. (*See* Defs.' Br. at 26-27.) Instead, Carrieri vacillates between unsubstantiated assertions that JAMS has the authority to determine the proper allocation of arbitration fees and costs (Pl.'s Br. at 9, 10, 12, 15-17), and the arbitrator has the authority to make that determination (*id.* at 9-12, 15-18). In doing so, Carrieri appears to concede that, if the Court issues an interim decision on the proper allocation of fees and costs under the arbitration agreement until an arbitrator is appointed, the arbitrator's

2

decision should be final, subject to judicial review to confirm, modify, correct, or vacate. (*See* Pl.'s Br. at 15, 19.) JAMS' position that it will "tak[e] the arbitrator's position into consideration, and will make a final determination" regarding fee allocation (Defs.' Br. at 10) would render the arbitrator's ruling a mere advisory opinion, improperly subject to JAMS' nullification. Because JAMS will not commit to accepting the arbitrator's ruling on fee allocation, judicial resolution of this issue is necessary.

Carrieri fails to explain why this Court should not enforce the Current Distributor Agreement's terms concerning the allocation of arbitration fees and costs. By seeking to enforce the Agreement's terms, Defendants are not attempting to avoid arbitration or violating the "express terms" of the arbitration agreement. (Pl.'s Br. at 10-11.) Nor are Defendants seeking to disregard any provisions in the arbitration agreement. (Pl.'s Br. at 11-12.) Carrieri ignores that Defendants are seeking the Court's assistance to further arbitration because he disregarded the Current Distributor Agreement's terms by filing for arbitration under JAMS' Employment Rules rather than JAMS' Comprehensive Rules (as expressly provided in Section 23.2 of the Current Distributor Agreement) and by advocating for the application of the Minimum Standards. (Defs.' Br. at 16-17.)[1]

In addition, *In re Arbitration Between General Security National Insurance Co. & AequiCap Program Administrators*, 785 F. Supp. 2d 411, 418-19 (S.D.N.Y. 2011), in which the court upheld an arbitrator's award of attorney's fees pursuant to a broad arbitration clause that did not restrict the type of relief the arbitrator could award, does not support Carrieri's position. While Carrieri claims that the Current Distributor Agreement similarly authorizes "JAMS to apply its

---

[1] Carrieri's claim that Section 23.4 of the Current Distributor Agreement bars Defendants' motion (Pl.'s Br. at 11) is erroneous because Defendants are plainly not attempting to litigate any of the claims Carrieri submitted to arbitration. (See ECF No. 143-5.)

3

rules, enforce the Minimum Standards, and allocate fees under its Fee Schedule" (Pl.'s Br. at 12), he provides no contractual support for that assertion.

Likewise, *Bancol Y Cia. S. En. C. v. Bancolombia S.A.*, 123 F. Supp. 2d 771, 772 (S.D.N.Y. Dec. 18, 2000), is of no moment because the procedural dispute discussed there did not pertain to a provision in the parties' arbitration agreement. Here, there are contractual provisions in the Current Distributor Agreement governing the allocation of arbitration fees and costs, which the Court may enforce under FAA § 4. (Defs.' Br. at 16-17.)

Moreover, Carrieri's exaggerates that Defendants are attempting to have the Court decide "misclassification issues." (Pl.'s Br. at 12-15.) Defendants are not seeking a determination from the Court that Carrieri is an independent contractor under the Fair Labor Standards Act (FLSA) or New York Labor Law (NYLL), or an inference or court order that Carrieri was an independent contractor.[2] Defendants merely seek enforcement of the terms of the arbitration agreement as written.

## III. DEFENDANTS' MOTION DOES NOT VIOLATE THE STAY, ENGAGE IN FORUM SHOPPING, OR CONSTITUTE WAIVER

Defendants' motion does not violate the Court's stay. Defendants are not attempting to litigate the claims raised in Plaintiffs' Third Amended Complaint. After ordering the Plaintiffs to arbitrate, this Court retained jurisdiction to determine subsequent applications involving the same agreement. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985); *Bancol Y Cia. S. En. C.* 123 F. Supp. 2d at 772 ("[A]n order compelling arbitration does not divest a district

---

[2] Carrieri's belated argument that his individual claims are not subject to arbitration (Pl.'s Br. at 14) should be disregarded as Carrieri has provided no basis for the Court to revisit its decisions finding that Plaintiffs are required to arbitrate their claims (ECF Nos. 97, 134). Further, Carrieri's contention that Defendants have argued that the arbitration clause in the Current Distributor Agreement applies only to business entities (Pl.'s Br. at 14) is erroneous. Defendants characterized the Current Distributor Agreement as a "commercial contract between two business entities" to emphasize that the agreement is not an employment agreement, and never stated that the arbitration clause did not apply to Carrieri. (Defs.' Br. at 20.)

4

court of jurisdiction over the underlying case."). Accordingly, this Court can hear Defendants' motion.[3]

Defendants are not engaging in "forum-shopping" with their motion. (Pl.'s Br. at 18.) Defendants seek relief from this Court to enforce the terms of the Current Distributor Agreement, which have been disregarded by Carrieri and JAMS. This is precisely what the FAA mandates. *See* 9 U.S.C. § 4 ("the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement").[4]

Defendants are not "engaging in 'merits-based motion practice,'" constituting waiver of the right to arbitrate. (Pl.'s Br. at 18.) This Court previously held that Defendants had not waived the right to arbitrate prior to moving to compel arbitration. (ECF No. 97, 7-8.) In addition, Defendants' motion does not pertain to the merits of Carrieri's misclassification claim.

Defendants have not waived their right to arbitrate by refusing to pay JAMS' arbitration fees.[5] Defendants should not be faulted for insisting that the arbitration fees and costs be allocated pursuant to the negotiated terms of the Current Distributor Agreement. *See Brown v. Peregrine Enters., Inc.*, No. 22-2959, 2023 WL 8800728, at *3 (2d Cir. Dec. 20, 2023). Indeed, Defendants

---

[3] The cases cited by Carrieri that Defendants' motion violates the stay are inapposite. *Tepper Realty Co. v. Mosaic Tile Co.*, 259 F. Supp. 688, 693 (S.D.N.Y. 1966), does not discuss FAA § 4, which is the basis for Defendants' motion. Similarly, *Hunt v. Mobil Oil Corp.*, 654 F. Supp. 1487, 1516-20 (S.D.N.Y. 1987), involves a motion to vacate an arbitration award, but no arbitrator has been appointed here.

[4] *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989), concerns a dispute over a choice-of-law provision and does not advance Carrieri's forum-shopping argument. In *Volt*, the Court emphasized that the FAA requires that arbitration agreements be enforced according to their terms, *id.*, which is what Defendants are seeking here. *Birchwood Management Corp. v. Stationary Engineers, RWDSU, AFL-CIO*, 154 A.D.2d 531 (2d Dep't 1989), which concerns the court's unwillingness to entertain an argument that an arbitration was barred by *res judicata*, is also inapplicable because Defendants are not asking the court to rule on a defense to any of Carrieri's claims in arbitration.

[5] Carrieri appears to concede as much with his request of the Court that, "[i]f Defendants continue to refuse compliance with JAMS' decisions, the Court should rightly find that they have waived their right to arbitration." (Pl.'s Br. at 19 (emphasis added).)

5

remain ready and willing to arbitrate, *id.*, as Defendants made clear to JAMS (ECF No. 143-21).[6] Moreover, contrary to Carrieri's claim (Pl.'s Br. at 19), JAMS' file remains open as of the date of this reply, while JAMS considers whether to administratively suspend or close the file. JAMS' Comprehensive Rule 24(e) also refutes any claim of waiver, stating "[a]ny recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate."

## IV. JAMS' MINIMUM STANDARDS DO NOT APPLY TO CARRIERI'S ARBITRATION

Carrieri's request that this Court uphold JAMS' decision to apply its Minimum Standards (Pl.'s Br. at 19) is misplaced. Defendants ask this Court to enforce the terms of the Current Distributor Agreement, including its allocation of fees and costs in arbitration, irrespective of JAMS' decision on the applicability of the Minimum Standards. Carrieri offers no valid reason why the Minimum Standards should apply to his arbitration.

### A. Defendants' Arbitration Agreement with Carrieri Does Not Incorporate the Minimum Standards

Carrieri erroneously argues that the Minimum Standards are incorporated through JAMS' Fee Schedule, which is referenced in the Comprehensive Rules, and that application of the Minimum Standards does not re-write the parties' fee-sharing agreement. (Pl.'s Br. at 19-22.) Both arguments fail.

Carrieri offers no basis for concluding that the Minimum Standards are incorporated into the parties' arbitration agreement. He mentions a "direct link" between JAMS' Comprehensive

---

[6] *Brandifino v. Cryptometrics, Inc.*, 27 Misc. 3d 513, 517 (N.Y. Sup. Ct. 2010), was not decided under the FAA. In addition, the court refused to find that an employer waived the right to arbitrate by failing to pay its share of the arbitration fees because waiver of arbitration should not be lightly inferred in the absence of a "clear showing of an intent to abandon the arbitration process." *Id.* at 524-25.

6

Rules and the Minimum Standards through a reference to the Minimum Standards in JAMS' Fee Schedule, which is referenced in Comprehensive Rule 31(a). (Pl.'s Br. at 20.) He does not refute Defendants' arguments that incorporation of the Minimum Standards would defeat the reasonable expectations of the parties and render certain terms in the Current Distributor Agreement superfluous. (Defs.' Br. at 22-25.)[7]

Carrieri makes the conclusory assertion that Section 19.1 (which prohibits additional terms to the Current Distributor Agreement) does not exclude the Minimum Standards because they are "explicitly incorporated" through the Comprehensive Rules. However, there is no explicit reference to the Minimum Standards in the Comprehensive Rules. (*See* ECF No. 143-22.)[8]

Contrary to Carrieri's claims (Pl.'s Br. at 22), there is an express fee-sharing clause in the Current Distributor Agreement in Section 23.2 that provides for equal sharing of arbitration fees (Defs.' Br. at 19-20). While Carrieri claims the fee-sharing clause should be read to cover only attorneys' fees and litigation costs, not arbitration fees, despite its inclusion in a section titled "Arbitration Rules/Organizations," he provides no contractual support for such a reading. Carrieri's reliance on *Freeman v. SmartPay Leasing LLC*, 771 F. App'x 926, 933-34 (11th Cir. 2019) is also misplaced, as the court held the cost-sharing provision in that case should be read in conjunction with the applicable JAMS rules. Defendants advance a similar interpretation, such

---

[7] Carrieri's reliance on *Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 518 & n.1 (S.D.N.Y. 2018), to prove incorporation of the Minimum Standards fails because Carrieri does not explain why incorporation of the Comprehensive Rules necessarily includes incorporation of the Minimum Standards or cite to any case law to advance that argument.

[8] Carrieri also rejects Defendants' assertion that he subverted the arbitration agreement by filing for arbitration under the Employment Rules, instead of the Comprehensive Rules, which do not reference the Minimum Standards. (Pl.'s Br. at 21.) Carrieri ignored the parties' arbitration agreement when he filed under the Employment Rules.

7

that the arbitration costs are shared equally between the parties pursuant to Comprehensive Rule 31(a). (Defs.' Br. at 19.)[9]

Carrieri's claim that the Current Distributor Agreement's fee-sharing provision is not unmistakably clear, and, therefore, not enforceable (Pl.'s Br. at 22) is mistaken. Carrieri relies on cases that concern clauses regarding the shifting of attorneys' fees (Pl.'s Br. at 22), which are inapplicable here. Carrieri also argues that the fee-sharing provision only applies to arbitrations between business entities, and not Carrieri individually (Pl.'s Br. at 22 n.4), when the Current Distributor Agreement makes no such distinction.

Carrieri's reliance on *Lang v. PTC, Inc.*, No. CV21-04451 (KM)(ESK), 2021 WL 5277190 (D.N.J. Nov. 12, 2021) (Pl.'s Br. at 24) is misplaced because, although the *Lang* arbitration agreement incorporated the Comprehensive Rules (which the court acknowledged "mandate[d] fee-sharing"), there was no dispute that plaintiff was an employee, so the parties could reasonably expect the Minimum Standards to apply. *Id.* at *1, 5. Here, the parties' reasonable expectations, based on the language of the Current Distributor Agreement, under which Carrieri is identified as an independent contractor, is that the Minimum Standards would not apply. Further, there was no express fee-sharing provision in the *Lang* arbitration agreement, unlike here. (ECF No. 143-3.)

### B. Carrieri's Distributor Agreement Was Not a Condition of Employment

Contrary to Carrieri's arguments (Pl.'s Br. at 23-25), the Current Distributor Agreement and its arbitration provisions were not required as a "condition of employment" (Defs.' Br. at 21).

---

[9] Plaintiff claims that "pro rata" apportionment under Rule 31(a) does not require a 50/50 split, but the *Frazier* case he cites does not define "pro rata." (Pl.'s Br. at 20.) Plainly, a "pro rata" share is a proportionate share, such that Plaintiff is responsible for half of the arbitration fees and costs under the JAMS Fee Schedule because Defendants are considered one party under Comprehensive Rule 31(d). *See also Commodity Futures Trading Commission v. Ehrlich*, 23-cv-08962, 2024 WL 4008205, at *7 (S.D.N.Y. Aug. 29, 2024) (defining "pro rata" as "proportionately according to some exactly calculable factor" such as an "exact rate, measure, or interest"). Moreover, the parties' Distributor Agreement both incorporates the Comprehensive Rules and expressly requires each party to "bear its own fees, costs and disbursements" in arbitration. (ECF No. 143-3 at § 23.2.)

8

While he attaches the self-serving label of "employment-related dispute" to his claims in arbitration (Pl.'s Br. at 23), Carrieri cannot escape the fact that he is an independent contractor, not an employee, under the Current Distributor Agreement (Defs.' Br. at 21).

Carrieri, nevertheless, argues that the Current Distributor Agreement was presented as a condition for him to continue working, so the Minimum Standards apply. (Pl.'s Br. at 24.) *Frazier*, 739 F. Supp. 3d 219, does not support this argument because whether the *Frazier* plaintiffs were employees was not in dispute, unlike here. *Id.* at 221.

Similarly, Carrieri urges this Court to examine the "economic realities" of his relationship with PCNY to conclude he was functionally an employee. This Court should decline this invitation to go beyond the express terms of the Current Distributor Agreement, under which such merits-related determinations are reserved for the arbitrator. *See Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999).

### C. Carrieri Was Represented by Counsel During the Negotiation of His Distributor Agreement

Carrieri argues that he did not individually negotiate the Current Distributor Agreement (Pl.'s Br. at 26-27), but Defendants never argued that he did (*see* Defs.' Br. at 22).

On the issue of Carrieri's representation by counsel (Pl.'s Br. at 27-28), Defendants submitted undisputed evidence in the sworn Declaration of Lewis Gantman that the Current Distributor Agreement was negotiated between PCNY and the Distributors Association, of which Carrieri was a member, and that the Distributors Association was represented by a national law firm during the negotiations. (ECF No. 143-1, ¶¶ 18-19.) Carrieri did not submit any rebuttal evidence, in the form of a sworn statement, to contradict the Gantman Declaration. Instead, Carrieri makes various claims in his opposition brief suggesting he never actually received counsel and disputing the Distributors Associations' authority to represent him. (Pl.'s Br. at 27-28.) These

9

arguments are insufficient to challenge the sworn testimony submitted with Defendants' motion. (ECF No. 143-1, ¶¶ 18-19.)

### D. Application of JAMS' Minimum Standards Is Not Required to Effectuate the Statutory Intent of the FLSA and NYLL

Carrieri's argument that the fee-sharing provision in Section 23.2 of the Current Distributor Agreement is unenforceable because it conflicts with the FLSA and NYLL (Pl.'s Br. at 22) is meritless because Section 23.2 plainly allows him to recover fees, including attorneys' fees pursuant to the FLSA or NYLL, by "authoriz[ing] the award of such fees" by the arbitrator. (Defs.' Br. at 26; Arbitration Agreement § 23.2.)

While Carrieri generally complains about having to "pay thousands of dollars in upfront arbitration fees to pursue FLSA and NYLL claims" (Pl.'s Br. at 28), noticeably absent from his opposition brief is any attempt to argue that the Current Distributor Agreement's fee-sharing provision is invalid as procedurally or substantively unconscionable. To prove substantive unconscionability, Carrieri would need to show that arbitration would be prohibitively expensive, which requires evidence of the likely costs of arbitration and his inability to pay those costs. *See Peng v. Uber Techs., Inc.*, 237 F. Supp. 3d 36, 57-58 (E.D.N.Y. 2017); *Whitt v. Prosper Funding LLC*, No.: 1:15-cv-136-GHW, 2015 WL 4254062, at *6-8 (S.D.N.Y. July 14, 2015). Carrieri has made no such showing here, or in opposition to Defendants' previous motion to compel arbitration (ECF No. 75). Further, Section 23.2 of the Current Distributor Agreement permits Carrieri to recover his arbitration fees and costs, which courts have found sufficient to undermine an argument that such a clause is substantively unconscionable. *See Whitt*, 2015 WL 4254062, at *8.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Defendants' moving brief (ECF No. 144), Defendants respectfully request that the Court enforce the terms of the parties' negotiated

10

Current Distributor Agreement, by compelling Plaintiff Vincent Carrieri to pay JAMS' filing fee assessed in arbitration under JAMS' Comprehensive Arbitration Rules and Procedures and to share equally in the fees and costs of arbitration pursuant to the parties' arbitration agreement.  In the alternative, if this Court finds that the contractual issues raised by this motion are for the arbitrator to decide, Defendants respectfully request that this Court issue an order requiring Carrieri to pay the remainder of JAMS' filing fee and share equally in the fees and costs of arbitration, and compelling the parties to arbitrate the contractual issues raised by this motion before the arbitrator for a final decision, only subject to Court review.

Dated: Newark, New Jersey
       June 6, 2025

EPSTEIN BECKER & GREEN, P.C.

By: */s/ Patrick G. Brady*
    Patrick G. Brady
    875 Third Avenue
    New York, New York  10022
    (212) 351-4500

    and

    One Gateway Center, 13th Floor
    Newark, New Jersey  07102
    pbrady@ebglaw.com
    (973) 642-1900
    *Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I certify that Defendants' Reply Memorandum of Law in Further Support of Their Motion Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ *et seq.*, to Enforce the Terms of the Parties' Arbitration Agreement complies with the 3,500-word limit under S.D.N.Y. Local Rule 7.1. This computer-generated document was prepared using Microsoft Word, and based on Microsoft Word's word-count function, this document total 3,492 words, exclusive of the caption, tables of contents and authorities, signature block, and certificate, but is inclusive of footnotes.

Dated: June 6, 2025                                                   */s/ Patrick G. Brady*
                                                                      Patrick G. Brady